## UNITED STATES DISTRICT COURT

## DISTRICT OF NORTH CAROLINA

Case No._

MADUAKO C. FERGUSON SR.,
KINGSLEY IGBOANUGO, BERNADETTE
IGBOANUGO, OKOJI NDUKWE
BOSE NDUKWE, SURU IYESI,HANNAH
NGUGI, RUBY G. WALKER
UDUKA OKOAFOR, EBERECHUKWU
NWOBODO, CHIMA IRECHUKWU
SAMUEL ELEKWACHI, VIOLET SMART
EMEKA NWOKORO, NMAH ABBAH
JOHN NKATA, UCHECHUKWU OKAM
VERONICA SACCOH, STANLEY ONYEABO,
EZINNE P. ONYEGBULE, ANTHONIA A.
OCHIJE, CHINEDU CHIDEBE, OJEBE
IFEGWU, LUCKY IMAFIDON, ALICE
MBUTHIA, JOHN KALU

**CLASS ACTION COMPLAINT FOR, _INTER ALIA_, VIOLATIONS OF STATE AND FEDERAL SECURITIES LAWS**

**DEMAND FOR TRIAL BY JURY**

Plaintiffs,

v.

TELEXELECTRIC, LLLP; TELEX MOBILE,
HOLDINGS, INC.; JAMES M. MERRILL;
CARLOS N. WANZELER; ; STEVEN M.
LABRIOLA; JOSEPH H. CRAFT, a/k/a JOE H.
CRAFT; CRAFT FINANCIAL SOLUTIONS,
LLC; CARLOS COSTA; SANTIAGO DE LA
ROSA; RANDY N. CROSBY; FAITH R.
SLOAN; GERALD P. NEHRA, individually and
doing business as LAW OFFICES OF NERHA
AND WAAK; GERALD P. NEHRA
ATTORNEY AT LAW, PLLC; RICHARD W.
WAAK, individually and doing business as LAW
OFFICES OF NERHA AND WAAK;
RICHARD W. WAAK, ATTORNEY AT LAW,
PLLC; BANK OF AMERICA CORPORATION,
BANK OF AMERICA, NA; TD BANK, NA;
CITIZENS FINANCIAL GROUP, INC.;
CITIZENS BANK OF MASSACHUSETTS;
FIDELITY CO-OPERATIVE BANK, doing
business as FIDELITY BANK; MIDDLESEX
SAVINGS BANK; WELLS FARGO &
COMPANY; WELLS FARGO BANK, NA;
FMR, LLC, also known as FIDELITY
INVESTMENTS; WADDELL & REED
FINANCIAL, INC.; WADDELL & REED,
INC.; GLOBAL PAYROLL GATEWAY INC.;
INTERNATIONAL PAYOUT SYSTEMS, INC.;

PROPAY, INC., doing business as
PROPAY.COM; BASE COMMERCE, LLC,
doing business as PHOENIX PAYMENTS;
VANTAGE PAYMENTS, LLC; DOE INSIDER
PROMOTERS; DOE PROFESSIONAL
SERVICES PROVIDERS; DOE BANKS; DOE
INVESTMENT SERVICES PROVIDERS; DOE
PAYMENT PROCESSORS; and PARALEGAL
DOE,

Defendants

## CLASS ACTION COMPLAINT FOR, INTER ALIA, VIOLATIONS OF STATE AND FEDERAL SECURITIES LAWS

Plaintiffs, on behalf of themselves and all others similarly situated (hereafter "Plaintiffs")

bring this class action against Defendants.

## INTRODUCTION

1.      Plaintiffs seek compensation for economic loss sustained as a result of

Defendants' conduct in carrying out an unlawful Ponzi pyramid scheme and unregistered offer

and sale of securities.

2.      TELEXFREE, INC., f/k/a COMMON CENTS COMMUNICATIONS, INC.,

TELEXFREE, LLC, TELEXFREE FINANCIAL, INC., TELEXELECTRIC, LLLP, TELEX

MOBILE, HOLDINGS, INC., ("TelexFree") uniformly held itself out as a "multi-level

marketing" company. TelexFree systematically sold through so-called "Promoters."[1]

3.      TelexFree and their officers, agents, servants and employees sold fraudulent

unregistered securities to the Putative Class Representatives and to the members of the class the

Representatives seek to represent.

4.      TelexFree sold unregistered securities in twenty-one states and internationally.

5.      TelexFree's unregistered securities were identified as "memberships."

---

[1] Merriam-Webster's Dictionary defines a "promoter" as a person or organization that helps something to happen, develop, or increase.

6. In exchange for placing duplicative and pre-written TelexFree ads on internet sites and for recruiting other investors to pay the membership fees, TelexFree held out that its investors, or "Promoters," could receive returns of 200% annually.

7. To keep TelexFree's Pyramid Ponzi Scheme

8. On June 19, 2013, the Brazilian Court in Acre issued an injunction putting "a stop to TelexFree's business operations, including the registration of new affiliate investors, acceptance of new investments and paying any returns owed on existing affiliate investments."

9. TelexFree and its Officers James M. Merrill, Carlos N. Wanzeler, Steven M. Labriola, Carlos Costa, Joseph H. Craft, a/k/a Joe H. Craft (collectively, "Defendant Officers"), Sanderley Rodrigues de Vasconcelos; WWW Global Business, Inc.; Santiago de La Rosa; Randy N. Crosby; Faith R. Sloan TelexFree's Retained Licensed Professionals, Paralegal Doe, Banking Institution Defendants[2], Investment Service Provider Defendants and Payment Processing Services Companies knew that the Pyramid Ponzi Scheme was not sustainable, and that the representations on TelexFree's website and in its marketing materials were false and deceptive including, but not limited to, those concerning the guaranteed returns.

10. TelexFree and its Defendant Officers, the Named Insider Promoters, the Doe Insider Promoters, Retained Licensed Professionals, Paralegal Doe, Banking Institution Defendants, Investment Service Provider Defendants and Payment Processing Services Companies knew that TelexFree was selling unregistered securities to the members of the putative classes.

11. After the Defendant Officers, the Insider Promoters, the Retained Licensed Professionals, the Banking Institution Defendants, Investment Service Provider Defendants and

---

[2] Fidelity Co-Operative Bank, Bank Of America Corporation, Bank Of America, N.A., TD Bank, N.A., Citizens Financial Group, Inc., Citizens Bank of Massachusetts, Middlesex Savings Bank, Wells Fargo & Company, Wells Fargo Bank, N.A., Bank Of America Corporation, Bank Of America, N.A., and others are referred to herein as the "Banking Institution Defendants."

Payment Processing Services Companies knew that TelexFree was an illegal Pyramid Ponzi scheme which involved the illegal sale of securities, they continued to aid, abet and further such illegal activities.

12. Despite advance knowledge, the Defendants continued to participate in the attraction and processing of new investors, continued to allow payments to process through TelexFree's accounts, allowed TelexFree to continue to illegally sell securities and further its illegal Pyramid Ponzi Scheme, and otherwise continued to further TelexFree's illegal activities.

13. Defendants have violated the antifraud and securities registration provisions of the federal and state securities laws.

14. TelexFree and the other Defendants used and employed manipulative and deceptive devices and contrivances in violation of MGL 110A, Sec. 410; Section 410b, MGL 110A, Sec. 410(b) and MGL 93A.

15. TelexFree and the other Defendants also violated Title 17, Code of Federal Regulations, Section 240.10b-5 by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons.

16. Defendants share joint and severable liability, because they aided and abetted TelexFree's Pyramid Ponzi Scheme by providing TelexFree with legal and financial advice and assistance during the course of the fraud, despite knowledge of the fraudulent nature of TelexFree's operation.

17. The Banking Institution Defendants, Investment Services Provider Defendants, and Payment Processing Services Companies and Banking share joint and several liability

because they aided and abetted the fraudulent and illegal activity by providing financial and payment processing services, while also having knowledge of TelexFree's fraud.

## JURISDICTION AND VENUE

18.     This Court has jurisdiction as to the claims for relief sought herein under 28 U.S.C. §§ 157 and 1334.

19.     Venue is proper pursuant to 28 U.S.C. § 1409(a).

20.     The District Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). In the aggregate, Plaintiffs' claims and the claims of the other members of the Class exceed $5,000,000.00 exclusive of interest and costs, and there are numerous class members who are citizens of states other than TelexFree, Inc's state of citizenship, which is Massachusetts.

21.     The District Court also has jurisdiction over this action pursuant to Sections 20(b), 20(d)(l) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b), 77t(d)(l) & 77v(a)], Sections 21(d)(l), 21(d)(3)(A), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d)(l), 78u(d)(3)(A), 78u(e) and 78aa], Section 1121 of the Lanham Act [15 U.S.C. § 1121], and Section 1965 of the Racketeer Influenced and Corrupt Organizations Act [18 U.S.C. § 1965].  Defendants have, directly or indirectly, made use of the means of instrumentalities of interstate commerce and of the mails in connection with the transactions, acts, practices, and courses of business alleged in this complaint.

22.     Venue is also proper pursuant to 28 U.S.D. §. 1391

23.     Venue is also proper in this district pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because certain of the transactions, acts, practices, and courses of conduct constituting violations of the federal securities laws occurred within this district.  Defendants transacted business and offered and sold the securities that are the subject of this action to investors in this district.

24.     Furthermore, venue is proper under Section 1965 of the Racketeer Influenced and Corrupt Organizations Act [18 U.S.C. § 1965], as the Defendants reside, have agents, or otherwise transact business material to this Complaint in this district.

## THE PARTIES

25.     Plaintiff MADUAKO FERGUSON, Sr. (hereinafter sometimes referred to as "Ferguson") is an individual who resides in North Carolina.  Ferguson, like many other victims of TelexFree's Pyramid Ponzi Scheme, tendered cash in exchange for a TelexFree Membership and its promised Pre-March 9, 2014 -Return in Investment (the Pre-March 9, 2014 Return on Investment").

26.     Defendant TELEXFREE, INC. is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, having a last known principal place of business at 225 Cedar Hill Street, Suite 200, in Marlborough, County of Middlesex, Commonwealth of Massachusetts 01752. [3]

27.     TelexFree, Inc. was formerly known as COMMON CENTS COMMUNICATIONS, INC.

28.     TELEXFREE, LLC is a limited liability company duly organized and existing under the laws of the state of Nevada, having a purported place of business at 4705 S. Durango Drive, #100-J51 (a post office box), Las Vegas, Nevada 89147.

29.     Defendant Paralegal Doe served as TelexFree, LLC's agent, servant or employee at all times relevant to this complaint.

30.     At all times material herein, TelexFree, LLC also maintained offices in the Commonwealth of Massachusetts at 225 Cedar Hill Street, Suite 200, in Marlborough, County of Middlesex, Commonwealth of Massachusetts 01752 between 2012 and this date.

---

[3] See Office of the Secretary of the Commonwealth of Mass., Corporations Div., Corporate Summary for TelexFree, Inc., attached hereto as Exhibit 1.

31.     TELEXFREE FINANCIAL, INC. (hereinafter sometimes referred to as "TelexFree Financial") is a corporation duly organized and existing under the laws of the State of Florida, having its last known principal place of business at 2321 NW 37th Avenue, in Coconut Creek, Florida 33063.  TelexFree Financial is a wholly owned subsidiary of TelexFree, LLC.

32.     TelexFree, Inc., TelexFree, LLC and TelexFree Financial, Inc. have not been named as defendants in this particular action since they have sought bankruptcy protection pursuant to Chapter 11 of the U.S. Bankruptcy Code.  The Plaintiffs intend to specifically name the forgoing TelexFree entities as Defendants in the action if and when they are able to do so.

33.     Defendant TELEXELECTRIC, LLLP (hereinafter sometimes referred to as "TelexElectric") is a limited liability limited partnership duly organized and existing under the laws of the State of Nevada, and having its registered agent as BWFC Processing Center, LLC, 3960 Howard Hughes Parkway, Suite 500, Las Vegas, Nevada 89169.

34.     Defendant TELEX MOBILE, HOLDINGS, INC. (hereinafter sometimes referred to as "Telex Mobile") is a corporation duly organized and existing under the laws of the State of Nevada, and having its registered agent as BWFC Processing Center, LLC, 3960 Howard Hughes Parkway, Suite 500, Las Vegas, Nevada 89169.

35.     Defendant JAMES M. MERRILL (hereinafter sometimes referred to as "Merrill") is an individual now or formerly of 1 Coburn Drive in Ashland, County of Middlesex, Commonwealth of Massachusetts 01721. Co-Defendant Merrill was President, Secretary, and Director of TelexFree, Inc. Co-Defendant, Merrill was a Manager of TelexFree, LLC, and was listed with the Massachusetts Secretary of State Corporations Division as an authorized person to execute, acknowledge, deliver, and record any recordable instrument purporting to affect an interest in real property. Co-Defendant Merrill, was President, Secretary, and Director of TelexFree Financial.

36.     Defendant CARLOS N. WANZELER (hereinafter sometimes referred to as "Wanzeler") is an individual now or formerly of 373 Howard Street, in Northborough, County of Worcester, Commonwealth of Massachusetts 01532. Co-Defendant Wanzeler was Treasurer and Director of TelexFree, Inc. Co-Defendant Wanzeler was a Manager of TelexFree, LLC. Co-Defendant Wanzeler was Vice-President, Treasurer, and Director of TelexFree Financial, and was listed with the Massachusetts Secretary of State Corporations Division as an authorized person to execute, acknowledge, deliver, and record any recordable instrument purporting to affect an interest in real property.

37.     Defendant STEVEN M. LABRIOLA (hereinafter sometimes referred to as "Labriola") is an individual now or formerly of 21 Kiwanis Beach Road, in Upton, County of Worcester, Commonwealth of Massachusetts 01568. Labriola was the sales director of TelexFree.

38.     Defendant JOSEPH H. CRAFT, also known as JOE H. CRAFT, (hereinafter sometimes referred to as "Craft") is an individual now or formerly of 825 E. Main Street in Boonville, Indiana 47601-1885. Craft is a Certified Public Accountant and maintains offices in Indiana and Kentucky under the name and style Joe H. Craft, CPA/PFS, CFP.  In Indiana, he maintains offices at 825 E. Main Street in Boonville, Indiana 47601-1885. Defendant Craft served as the Chief Financial Officer of Telex Free, Inc. and TelexFree, LLC, and was responsible for preparing or approving their financial statements. Craft was retained to serve as TelexFree's accountant and was responsible for preparing its financial statements and taxes. Craft was hired to serve as TelexFree, LLC's Chief Financial Officer on or before December 2013.

39.     Defendant CRAFT FINANCIAL SOLUTIONS, LLC (hereinafter sometimes referred to as "Craft Financial") is a limited liability company duly organized and existing under

the laws of the state of Indiana, having a principal place of business at 825 E. Main Street in Boonville, Indiana 47601-1885. Craft Financial is engaged in the business of providing accounting services and financial advice.

40. Defendant CARLOS COSTA, (hereinafter sometimes referred to as "Costa") is an individual now or formerly of 44A McClintock Avenue, Unit A, in Worcester, County of Worcester, Commonwealth of Massachusetts 01604. Co-Defendant Costa was listed as Manager of TelexFree, LLC with the Massachusetts Secretary of State Corporations Division.

41. The Defendant, SANTIAGO DE LA ROSA (hereinafter sometimes referred to as "De La Rosa"), is an individual now or formerly of 189 Beacon Hill Avenue, Unit 2, in Lynn, County of Essex, Commonwealth of Massachusetts 01902. De La Rosa, has also appeared in videos promoting TelexFree which were posted on the internet.

42. The Defendant, RANDY N. CROSBY (hereinafter sometimes referred to as "Crosby"), is an individual now or formerly of 30 Club Court, in Alpharetta, Georgia 30005. Crosby, has also appeared in videos promoting TelexFree which were posted on the internet. Crosby, is one of TelexFree's most successful Promoters, and has recruited numerous other Promoters/Investors for TelexFree, especially through a website known as "everybodygetspaidweekly.biz".

43. The Defendant, FAITH R. SLOAN (hereinafter sometimes referred to as "Sloan"), is an individual now or formerly of 515 E. End Avenue, Unit 105, in Calumet City, Illinois 60409. Sloan, is one of TelexFree's most successful Promoters, and has recruited numerous other Promoters/Investors for TelexFree, especially through a website known as "telexfreepower.com".

44. Defendant GERALD P. NEHRA (hereinafter sometimes referred to as "Nehra") is an individual now or formerly of Muskegon, Michigan. Nehra maintains a second place of abode at 2149 Tall Oak Court, Sarasota, Florida 34232. Nehra is an attorney duly licensed to

practice law in the State of Michigan with offices at 1710 Beach Street in Muskegon, Michigan 49441.

45.     Defendant GERALD P. NEHRA, ATTORNEY AT LAW, PLLC, is a professional limited liability company engaged in the practice of law and duly organized and existing under the laws of the state of Michigan, having a principal place of business at 1710 Beach Street in Muskegon, Michigan 49441.Defendant Nehra is the sole member, manager and registered agent for the Defendant Gerald P. Nehra, Attorney at Law, PLLC.

46.     Defendant RICHARD W. WAAK (hereinafter sometimes referred to as "Waak") is an individual now or formerly of Muskegon, Michigan. Waak is an attorney duly licensed to practice law in the State of Michigan with offices at 11300 East Shore Drive, Delton, Michigan 49046.

47.     At all times material herein, Defendant Nehra was engaged in the practice of law with Co-Defendant Richard W. Waak, under the name LAW OFFICES OF NERHA AND WAAK. LAW OFFICES OF NERHA AND WAAK had offices at 1710 Beach Street, Muskegon, Michigan 49441 and 11300 East Shore Drive, Delton, Michigan 49046. Defendant Waak was engaged in the practice of law with Co-Defendant Nehra, under the name Law Offices of Nehra and Walk, with primary offices at 11300 East Shore Drive, Delton, Michigan 49046, and secondary offices at 1710 Beach Street, in Muskegon, Michigan 49441.

48.     Defendant Waak is the "*Principal Attorney*"[4] of the Law Offices of Nehra and Waak.

49.     Defendant RICHARD W. WAAK, ATTORNEY AT LAW, PLLC, is a professional limited liability company engaged in the practice of law and duly organized and existing under the laws of the state of Michigan, having a principal place of business at 11300

---

[4] Law Offices of Nehra and Waak website, http://www.mlmatty.com/2014/02/firm-transition-news-gerry-has-not-retired/

East Shore Drive, Delton, Michigan 49046.Defendant Waak is the sole member, manager and registered agent of Defendant Richard W. Waak, Attorney at Law, PLLC.

50.     Defendant TD BANK, N.A. (hereinafter sometimes referred to as "TD Bank") is a national banking institution in the United States chartered and has a principal place of business in the Commonwealth of Massachusetts 02109.

51.     The Defendant, BANK OF AMERICA CORPORATION (hereinafter sometimes referred to as "Bank of America"), is a publicly traded corporation duly organized and existing under the laws of the State of Delaware.  Bank of America is a national banking institution in the United States chartered and has offices in the Commonwealth of Massachusetts 02110.

52.     The Defendant, BANK OF AMERICA, N.A., has a principal place of business in Charlotte, North Carolina.  Bank of America N.A. is a subsidiary of Bank of America Corporation, and conducts business in the Commonwealth of Massachusetts.

53.     Defendant CITIZENS FINANCIAL GROUP, INC. (hereinafter sometimes referred to as "Citizens Financial") is a having its principal offices in Providence, Rhode Island.

54.     Citizens Financial is a banking institution with offices in the Commonwealth of Massachusetts 02109.

55.     Defendant CITIZENS BANK OF MASSACHUSETTS (hereinafter sometimes referred to as "Citizens Bank") is a subsidiary of Citizens Financial.

56.     Citizens Bank conducts business in the Commonwealth of Massachusetts.

57.     Defendant FIDELITY CO-OPERATIVE BANK doing business as FIDELITY BANK (hereinafter sometimes referred to as "Fidelity Bank") is a Massachusetts Chartered Banking Institution. .

58.     Defendant MIDDLESEX SAVINGS BANK has its principal offices at 6 Main Street, in Natick, County of Middlesex, Commonwealth of Massachusetts 01760.

59.     The Defendant, WELLS FARGO & COMPANY has its principal office in San Francisco, California and conducts business within the Commonwealth of Massachusetts.

60.     The Defendant, WELLS FARGO BANK, N.A. has a principal place of business in Sioux Falls, South Dakota.  Wells Fargo Bank, N.A. and conducts business in the Commonwealth of Massachusetts.

61.     The Defendant, FMR, LLC, also known as FIDELITY INVESTMENTS has its principal offices in Commonwealth of Massachusetts 02110.

62.     The Defendant, WADDELL & REED FINANCIAL, INC is a publicly traded corporation with offices in Massachusetts.

63.     The Defendant, WADDELL & REED, INC. is a national financial and investment institution in the United States with a principal place of business at 6300 Lamar Avenue, Overland Park, Kansas  66202-4200.

64.     Defendant GLOBAL PAYROLL GATEWAY, INC. is a corporation with principal offices at 18662 MacArthur Boulevard, Suite 200, in Irvine, California 92612. GPG provides payment processing services for companies, and acted as a conduit for payment between TelexFree and its Promoters/Investors.

65.     Defendant INTERNATIONAL PAYOUT SYSTEMS, INC. has its principal offices at 2500 East Hallandale Beach Boulevard, Suite 800, Hallandale Beach, Florida 33009. IPS provides payment processing services for companies and acted as a conduit for payment between TelexFree and its Promoters/Investors.

66.     Defendant PROPAY, INC. is a corporation with its principal offices at 3400 North Ashton Boulevard, Lehi, Utah 84043. PROPAY, INC.   also does business as PROPAY.COM.

67. Defendant BASE COMMERCE, LLC has its principal offices at 7910 S. Kyrene Road, Suite 106, Tempe, Arizona 85284, and also does business as PHOENIX PAYMENTS.

68. Defendant VANTAGE PAYMENTS, LLC has its principal offices at 8300 N. Hayden Road #A207, Scottsdale, Arizona 85251.

69. Additional payment – processing services aided and abetted in TelexFree's Pyramid Ponzi scheme but their identities are as yet unknown. For ease of reference at this time they are referred to herein at this time as Defendant Payment – Processing Services Doe.

**GENERAL ALLEGATIONS**

**A. TELEXFREE, LLC**

70. Telex Free, LLC was organized under the laws of the State of Nevada on July 19, 2012. There is no distinction between the business operations of TelexFree, LLC and TelexFree, Inc. Between February 15, 2012 and approximately April 15, 2014,TelexFree, LLC's registered agent for the Commonwealth of Massachusetts was James Merrill whose address is identified as 225 Cedar Hill St. Suite 200, Marlborough, MA 01752. Between February 15, 2012 and approximately April 15, 2014, Co-Defendants James Merrill, Carlos Wanzeler, Steven Labriola, Joseph H. Craft and Carlos Costa conducted the business of TelexFree, LLC in TelexFree's Massachusetts office. Hundreds of millions of investor funds received by TelexFree are unaccounted for.

**B. TELEXFREE, INC f/k/a COMMON CENTS COMUNICATIONS, INC.**

71. TelexFree, Inc.[5] is a domestic profit corporation registered with the Corporations Division of the Secretary to the Commonwealth of Massachusetts (Identification Number

---

[5] Paragraph 2.1.2 of the standard TelexFree contract states "TELEXFREE INC, from its headquarters in, Marlboro, Massachusetts (U.S.), on the basis of an operating contract between the latter and the CONTRACTOR (YMPACTUS), has as its primary activity VOIP telephony, using its equipment installed at its headquarters in Massachusetts, where it makes the necessary connections for these calls; it also provides virtual media, through the website www.telexfree.com to associates and to the PROMOTERS that YMPACTUS/TELEXFREE coordinates and controls, including the respective publicity channels."

000832397). Between February 15, 2012 and approximately April 15, 2014, TelexFree, Inc. maintained a principal office at 225 Cedar Hill St. Suite 200, Marlborough, MA 01752.

72.     Co-Defendants James M. Merrill and Carlos N. Wanzeler are the officers and directors of TelexFree, Inc. Between February 15, 2012 and approximately April 15, 2014, TelexFree, Inc.'s registered agent was Defendant James Merrill, who listed an address of 225 Cedar Hill St., Suite 200, Marlborough, MA 01752. Since February 15, 2012, Co-Defendants James Merrill, Carlos Wanzeler, Steven Labriola, Joseph H. Craft and Carlos Costa conducted the business of TelexFree, Inc. in the Marlborough, Massachusetts office. TelexFree, Inc. was originally organized on December 31, 2002 under the name Common Cents Communications, Inc. ("CCCI").  CCCI's name was changed to TELEXFREE, INC on February 15, 2012.

## C.     TELEXFREE FINANCIAL, INC.

73.     TelexFree Financial was incorporated by Co-Defendant Joseph H. Craft on December 26, 2013.  TelexFree Financial was fraudulently set up for the purpose of sheltering funds rightfully belonging to the putative class. At all material times herein, Co-Defendants James M. Merrill and Carlos N. Wanzeler are officers and directors of TelexFree Financial, and Co-Defendant Carlos N. Wanzeler is its registered agent. On December 30 and December 31, 2013, TelexFree Financial received wire transfers totaling $4,105,000 from TelexFree, Inc. and TelexFree, LLC.

## D.     RELATIONSHIP OF TELEXFREE, LLC, TELEXFREE, INC. AND TELEXFREE FINANCIAL, INC.

74.     Since February 15, 2012, there has been a high degree of operational interdependence among TelexFree, LLC, TelexFree, Inc., and TelexFree Financial (collectively referred to as "TelexFree"), to the extent that the operations of these entities are

——————————————— (continued)

indistinguishable. TelexFree, LLC, TelexFree, Inc., and TelexFree Financial shared common management and ownership. Since February 15, 2012, Defendants Merrill, Wanzeler, Labriola, Craft and Costa have together owned and operated TelexFree, LLC, TelexFree, Inc., and TelexFree Financial without any distinction among these entities. Between February 15, 2012 and approximately April 15, 2014, funds were freely transferred between and among TelexFree, LLC, TelexFree, Inc., and TelexFree Financial without any distinction among these entities. TelexFree, LLC, TelexFree, Inc. and TelexFree Financial have also shared common financial, strategic, legal, and human resources.

75. TelexFree, LLC, TelexFree, Inc. and TelexFree Financial are alter ego entities, which combine to form a single enterprise.

E. **TELEXFREE'S UNLAWFUL, UNFAIR AND DECEPTIVE PYRAMID PONZI SCHEME**

177. TelexFree and the other Defendants engaged in: (a) fraudulent or deceptive conduct in connection with the purchase or sale of securities, in violation of Section 10 (b) of the Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 there under; (b) fraud in the offer or sale of securities, in violation of Section 17(a) of the Securities Act of 1933 ("Securities Act"); and (c) the offer or sale of unregistered securities, in violation of Section 5 of the Securities Act.

178. TelexFree and the other Defendants unlawfully, willfully and knowingly used means and instrumentalities in connection with the purchase and sale of unregistered securities; and used and employed manipulative and deceptive devices and contrivances in violation of, *inter alia,* the Massachusetts Uniform Securities Act, M.G.L. c. 110A, Section 410b.

179. TelexFree is currently under investigation for offering fraudulent and unregistered securities by running a multi-level marketing scheme. As with all Ponzi or Pyramid Schemes, TelexFree operations are untenable without a continuous influx of new capital.

180. Class Members were fraudulently induced to invest in at least two other "scam"

business opportunities involving the offer or sale of unregistered securities in Massachusetts, namely, 1) TelexFree's passive income scheme, and 2) an offer to invest in TelexFree's hotel program.

181. Upon the advice of their legal counsels, TelexFree referred to the members of the putative class as "*Associates*," "*Members,*" and "*Promoters*," Plaintiffs Cellucci, Lake and Pacheco and all other members of the putative class are "Investors" under federal and state securities law.

182. The core of the Passive Income Scheme centers on the investment of either $289.00 or $1,375.00. A participant who invests $289.00 receives one advertisement kit and ten VoIP Programs. A participant who invests $1,375.00 receives five advertisement kits and fifty VoIP Programs.

183. The TelexFree advertisement kit enables participants to generate a return by posting pre-written advertisements, to pre-determined websites, through an automated TelexFree system. A participant's daily use of the advertisement kits generates investment returns without the need for any VoIP Program sales. Posting advertisements is an effortless process that takes only a few minutes per advertisement. Many participants pay third parties to post advertisements – completely outsourcing any required work at a minimal cost.

184. Over the course of the year, a participant who initially invests $289.00 and does nothing more than place one advertisement per day can receive profit of at least $681.00 – a return in excess of 200%. A participant who initially invests $1,375.00 and does nothing more than place five advertisements per day can receive profit of at least $3,675.00 – a return in excess of 350%.

185. The Passive Income Scheme generates further returns for participants through various bonus structures and recruitment commissions. By recruiting multiple individuals,

TelexFree participants become eligible for revenue sharing bonuses of up to 3% of the TelexFree's VoIP Program sales.

186. TelexFree prominently highlighted one such participant, Defendant Rodrigues, as the top promoter in the world on the TelexFree website. Rodrigues, a self-proclaimed millionaire, had previously operated a similar multi-level marketing phone card fraud shuttered by the SEC in 2006.

187. According to an investigation conducted by the United States Securities and Exchange Commission (hereinafter sometimes referred to as the "SEC"), between August 2012 and March 2014, TelexFree received slightly more than $1.3 million from the sale of approximately 26,300 VoIP Programs, while receiving more than $302 million in investments by Promoters – thus, less than one-half of one percent of total revenue during this period derived from sales of TelexFree's purported product. During this period, TelexFree promised to pay Promoters returns of over $1.1 billion – nearly a thousand times the amount of revenue derived from sales of the VoIP Programs.

188. TelexFree founder Wanzeler could not identify the number of individuals purchasing only a VoIP Program without also becoming a participant. Wanzeler provided wildly varied estimates when challenged to identify the number of VoIP Programs sold to non-participants.Over the same period, TelexFree had 783,771 investments of either $289.00 or $1,375.00 totaling $880,189,455.32. Even assuming that only 50% of all participant investments were for $1,375.00, TelexFree would still owe $2,398,897,200.00 – a number that far exceeds TelexFree's reported total revenues over the same period. This figure of almost $2.4 billion does not even include further bonuses, recruitment commissions, and revenue sharing.

189. TelexFree did not generate sufficient funds from sales of their phone service to pay the returns on investments that they had contracted to pay. Instead, the funds TelexFree used

to pay the purported returns on investments were the principal investment funds (membership fees) tendered by subsequent TelexFree investors.

190.    TelexFree's Contract at Section 2.6.5 (m) mandates that Promoters are not to use the term investment with respect to the registration costs. Co-Defendant and Company Counsel Attorney Gerald P. Nehra, through his affiliated companies (Law Offices of Nehra and Waak, Gerald P. Nehra, Attorney at Law, PLLC, and Richard W. Waak, Attorney at Law, PLLC), and under the direct supervision of Co-Defendants Richard W. Waak and Richard W. Waak Attorney at Law, PLLC provided this deceitful advice for the purpose of furthering perpetuating Defendants unlawful Pyramid Ponzi Scheme. Specifically, TelexFree's Contract at Section 2.6.5 (m) provides that the Promoter must not "use terms that distort the real meaning of products or the mechanism and functioning of multilevel marketing, including, without limitation, expressions that convey the idea of instant wealth for nothing in exchange, as well as speaking of registration costs as a 'financial investment.'  Similarly, it is expressly prohibited to use the term 'INVESTMENT' at meetings and in promotional materials in general, orally or in writing.

## F.    BRAZILIAN HELP, DISK A VONTADE, AND YMPACTUS

191.    As early as 2005, Wanzeler had been operating purported telecommunications businesses in the United States and Brazil, under the names "Brazilian Help" and "Disk A Vontade Telefonia," respectively.Disk A Vontade Telefonia, Ltda, also known as Diskavontade, also known as Disk (hereinafter sometimes referred to as "Disk A Vontade"), is a Brazilian Limited Liability Company, now or formerly having its principal offices as Rua Jose Luiz Gabeira, NRO 170, APTO 103 Barro Vermelho, and now or formerly having a Massachusetts office as 225 Cedar Hill Street, Suite 200, in Marlborough, Massachusetts 01752. Disk A Vontade's Massachusetts office is located in the same building in Marlborough, Massachusetts as TelexFree. Carlos Wanzeler is the Chief Executive Officer of Disk A Vontade. Merrill is Vice

President and a Signatory of Disk A Vontade.

192. Brazilian Help, Inc. ("hereinafter sometimes referred to as "Brazilian Help") is a Domestic Profit Corporation organized and existing under the laws of the Commonwealth of Massachusetts, now or formerly having a principal place of business at 225 Cedar Hill Street, Suite 118, in Marlborough, Massachusetts 01752. Wanzeler is the President, Secretary, Treasurer, and Registered Agent of Brazilian Help. Brazilian Help's Massachusetts office is located in the same building in Marlborough, Massachusetts as TelexFree.

193. Brazilian Help and Disk A Vontade were, at all times, the American and Brazilian branches, respectively, of the same enterprise. Acting on Costa's proposal, Wanzeler and Merrill changed the name of Common Cents Communications, Inc. to TelexFree, Inc., and Wanzeler and Costa together created a website, "telexfree.com." Disk A Vontade was the registered owner of the Telexfree.com domain name.

194. In July 2012, Wanzeler, Merrill and Costa together formed TelexFree, LLC.

## G. TELEXFREE'S OFFER AND SALE OF UNREGISTERED INVESTMENTS IN BEST WESTERN HOTEL

195. TelexFree, through Ympactus and Costa, offered an investment in a Best Western Hotel. TelexFree management facilitated the offer of the Best Western Hotel opportunity through the inclusion of the Best Western Hotel opportunity on the front page of the TelexFree website accessible in the Commonwealth.

196. TelexFree never registered this security offering with the SEC or released any prospectus or investor disclosure.

## H. INVESTIGATION OF, AND INJUCTION AGAINST, TELEXFREE'S BRAZILIAN OPERATIONS IN BRAZIL

197. In January, 2013, the Brazilian Bureau of Consumer Protection (known as

Procon), began an investigation into TelexFree.

198.   As the matter processed through the Brazilian Court System, the Ministry of Finance was ordered to refrain from issuing further statements about the matter. TelexFree circulated through its affiliates the following misrepresentation of the order:

> *"It's official!   The investigation on TelexFree has been absolved of what Behind MLM has researched and posted."*

199.   On June 19, 2013, the Brazilian Court in Acre issued an injunction putting a stop to TelexFree's business operations.

## I.   COLLAPSE OF TELEXFREE'S UNITED STATES OPERATIONS

200.   TelexFree used multiple financial accounts, including domestic and international bank accounts and various online payment processors, to further the fraudulent offer or sale of unregistered securities. Almost all financial institutions have eventually terminated their relationship with TelexFree.

201.   As described by one financial institution, "[n]o US Bank or Processor . . . will accept your [TelexFree] business given that you are on month five of the Visa Chargeback monitoring program.  You are one of only three merchants in the USA on month five so you are a real hot-potato as they say."

202.   On March 9, 2014, TelexFree changed its compensation plan, thereby requiring Promoters to sell its VoIP product in order to qualify for the payments that TelexFree had previously promised to pay them. A central component of the new changes affect the ease of participant withdrawals. TelexFree participants are no longer able to withdraw money, even money already "earned," without making a specified number of retail sales and recruiting a number of new investors.  Not only is it now more difficult to withdraw money from TelexFree, TelexFree has also switched its compensation plan from one that pays participants in dollars to

one that operates on TelexFree "credits," which are, in essence, nothing more than IOUs.

203.    These rule changes generated protests from Promoters who were unable to recover their money.  On April 1, 2014, dozens of Promoters descended upon TelexFree's Massachusetts office to regain access to their money.

204.    On April 14, 2014, Defendants TelexFree, Inc., TelexFree, LLC and TelexFree Financial abruptly sought bankruptcy protection in Nevada under Chapter 11, admitting that they cannot meet their obligations from VoIP revenues and seeking authority to reject all its current obligations to promoters.

## J.    EVENTS SINCE TELEXFREE'S BANKRUPTCY FILING

205.    In furtherance of their unlawful enterprise, TelexFree also mailed fraudulent 1099 forms to investors, possibly to create the illusion that they had made payments to investors when, in fact, no such payments were made. The 1099 forms were provided long after the mandated January 31, 2014 deadline, and some after the April 15, 2014 filing deadline. TelexFree falsely represented that investors had received income that they had in fact never received.

206.    TelexFree's former officers or employees stated to the TelexFree bankruptcy transition team that under the pre-March 2014 standard form contract TelexFree owes its promoters over $5 billion dollars. All Defendants knew that TelexFree was an illegal Pyramid Ponzi Scheme which involved the illegal sale of securities, but continued to aid, abet and further such illegal activities.   Despite the foregoing knowledge, TelexFree and the other Defendants continued to participate in the attraction and processing of new investors, continued to allow payments to process through TelexFree's accounts, allowed TelexFree to continue to illegally sell securities and further its illegal Pyramid Ponzi Scheme, and otherwise continued to further TelexFree's illegal activities.

207.    On April 15, 2014, the Securities Division of the Office of the Secretary of the Commonwealth of Massachusetts (hereinafter sometimes referred to as the "SOC") filed an

Administrative Complaint against TelexFree, Inc. and TelexFree, LLC, alleging violations of the Massachusetts Uniform Securities Act, MASS. GEN. LAWS, ch. 110A.

208.    Also on April 15, 2014, the U.S. Securities and Exchange Commission (hereinafter sometimes referred to as the "SEC") filed a civil Complaint and Jury Demand against TelexFree, Inc. and TelexFree, LLC as well as Merrill, Wanzeler, Labriola, Craft, Rodrigues, De La Rosa, Crosby, and Sloan, alleging violations of the Securities Act of 1933, the Securities Exchange Act of 1934, and SEC Regulations.371.    In its Complaint, the SEC requested and was granted a preliminary injunction and an order freezing assets of TelexFree. The SEC is also seeking, *inter alia*, disgorgement of profits and additional civil penalties.

209.    On Tuesday, April 15, 2014, the Federal Bureau of Investigation (hereinafter sometimes referred to as the "FBI") and the U.S. Department of Homeland Security (hereinafter sometimes referred to as the "DHS") conducted a raid of TelexFree's Marlborough, Massachusetts office.

210.    During this raid by the FBI and DHS, the Defendant, Craft, was caught by federal agents trying to leave the building with a laptop and approximately $38 million in cashier's checks in a bag. When questioned, Craft misrepresented to said federal agents that he was merely a "consultant", and claimed that the checks and computer were "personal".

211.    The following day, the Nevada Bankruptcy Court, on Motion by the SEC, transferred the matter to the Federal District Court in Massachusetts, Central Division. TelexFree is now active and operating their Pyramid Ponzi Scheme in Canada, with offices in Richmond, British Columbia, but is being closely monitored by the B.C. Securities Commission.

212.    During hearings in this case, conducted on May 2, 2014, William H. Runge, III, Chief Restructuring Officer of TelexFree, estimated that, as of TelexFree's Bankruptcy filing, TelexFree had assets of $31 million in its bank accounts, $28 million in brokerage accounts, and

nearly $30 million currently held by payment processing companies.

**K.  TELEXELECTRIC, LLLP'S AND TELEX MOBILE HOLDINGS, INC.'S INVOLVEMENT IN THE TELEXFREE PYRAMID PONZI SCHEME**

303.  TelexElectric is a Nevada limited liability limited partnership formed on December 2, 2013 by Co-Defendants Merrill and Wanzeler. Co-Defendants Merrill and Wanzeler are listed as the General Partners of TelexElectric. Co-Defendants Merrill and Wanzeler further list their address as 4705 S. Durango Drive, #100-J1 (a post office box), Las Vegas, Nevada 89147, which is the same location as TelexFree, LLC. TelexElectric also lists as its address 4705 S. Durango Drive, #100-J1 (a post office box), Las Vegas, Nevada 89147. Telex Mobile is a Nevada corporation formed on November 26, 2013.

304.  According to its filings with the State of Nevada Secretary of State Office, Telex Mobile identifies its officers and directors as:

> a.  Co-Defendant James M. Merrill is President, Secretary and Director, having an address at 4705 S. Durango Drive, #100-J1 (a post office box), Las Vegas, Nevada 89147.
>
> b.  Co-Defendant Carlos Wanzeler is Treasurer and Director, having an address at 4705 S. Durango Drive, #100-J1 (a post office box), Las Vegas, Nevada 89147.

305.  Defendants TelexFree, LLC, TelexFree, Inc., TelexFree Financial, TelexElectric and TelexFree Mobile Holdings are alter ego entities, which combine to form a single enterprise.

306.  TelexFree's financial statements reveal that TelexElectric received a $2,022,329.00 "loan" from TelexFree during the class period. TelexFree's financial statements further reveal that TelexFree Mobile received a $500,870 "loan" from TelexFree during the class period. TelexElectric was fraudulently set up for the purpose of sheltering funds rightfully belonging to the putative class.

307. These "loans" were in essence fraudulent transfers by TelexFree to evade claims by investors and creditors, and otherwise to unlawfully abscond with funds that rightfully belonged to creditors and investors.

## L. TELEXFREE'S OFFICERS AND OWNERS KNOWINGLY PERPETRATED THE UNLAWFUL TELEXFREE PYRAMID PONZI SCHEME AND CONSPIRACY

303. At all times material herein, Defendants Merrill, Wanzeler, Labriola, Craft and Costa (hereinafter sometimes collectively as the "Defendant Officers" or "TelexFree's Management") were responsible for the control and operation of TelexFree and its affiliated entities. TelexFree's Management not only controlled the activities and operations of TelexFree, but also knowingly and willfully conspired to perpetrate, and did in fact perpetrate, the TelexFree Pyramid Ponzi Scheme with full awareness of its fraudulent and illegal nature. Defendant Merrill served as the President, Secretary, and Director of TelexFree, Inc., a Manager of TelexFree, LLC, President, Secretary and Director of TelexFree Financial, General Partner of TelexElectric, and President, Secretary and Director of Telex Mobile Holdings

304. In his capacities as Officer, Director, Manager and General Partner of the foregoing interrelated companies, Merrill exercised significant control over TelexFree's business operations. Merrill exercised significant control over the TelexFree Pyramid Ponzi Scheme. Defendant Merrill has appeared in videos posted to the internet, in which he can be seen promoting TelexFree as a revenue opportunity for Promoters.

305. .At all times material herein, Defendant Wanzeler served as Treasurer and a Director of TelexFree, Inc., a Manager of TelexFree, LLC, Vice President, Treasurer, and a Director of TelexFree Financial, General Partner of TelexElectric and Treasurer and Director of Telex Mobile Holdings. According to corporate filings on record with SOC, at all times material herein, Wanzeler has also served as the Chief Executive Officer of TelexFree, Inc.

306. In his capacities as Officer, Director, Manager and General Partner of the foregoing interrelated companies, Wanzeler exercised significant control over TelexFree's business operations. Wanzeler exercised significant control over the TelexFree Pyramid Ponzi Scheme. Defendant Wanzeler has also participated in marketing TelexFree to potential investors, appearing in videos posted to the Internet in which he can be seen promoting TelexFree as a revenue opportunity for Promoters.

307. At all times material herein, Defendant Labriola, served as the International Marketing Director for TelexFree, Inc. Labriola was one of the original Directors of Common Cents Communications, Inc., and at all material times herein exercised significant control over TelexFree's business operations and the operations of its interrelated companies. Defendant Labriola has also appeared in several videos promoting TelexFree which were posted on the internet, and has acted as TelexFree's spokesman to Investors during post-bankruptcy petition conference calls. As a Director of TelexFree, Inc., Defendant Labriola, has exercised significant control over the TelexFree Pyramid Ponzi Scheme. As International Marketing Director for TelexFree, Inc., Labriola has also actively and knowingly perpetrated the TelexFree fraud through the dissemination of false and misleading advertising and marketing communications.

308. At all times material herein, Defendant Craft, also known as Joe H. Craft, has been a certified public accountant and served as the Chief Financial Officer ("CFO") of Telex Free, Inc and TelexFree, LLC. In his capacity as CFO of TelexFree, Craft has been responsible for, *inter alia*, preparing or approving TelexFree's financial statements, overseeing TelexFree's accounting methods and records, and otherwise exercising significant supervision and control over TelexFree. On April 23, 2013, in response to a request for a profit-and-loss statement issued by the SOC, TelexFree produced a document purporting to be TelexFree's 2012 profit-and-loss statement.

309. TelexFree did not make use of usual and accepted Multi Level marketing accounting practices. For example they did not separate out income generated by sales of VoIP from income generated by other means. On February 5, 2014, the SOC requested a second profit-and-loss statement from TelexFree for 2012, which TelexFree produced on February 26, 2014. A comparison of these two profit-and-loss statements – each purporting to be TelexFree's profit-and-loss statement for 2012 – reveals massive discrepancies. For example, the first statement provided by TelexFree lists Total Income for 2012 at $1,864,939.70, while the second lists Total Income for 2012 at $2,834,835.70. Also, Agent Commission is listed at $520,582.95 in the first, versus $2,105,925.61 in the second; Total Expenses are listed as $784,899.22 in the first, versus $2,333,893.09 in the second; Net Operating Income is listed as $1,080,040.48 in the first, versus $478,251.56 in the second; and Net Income is listed as $1,066,313.39 in the first, versus $477,652.23 in the second. The existence of duplicative accounting records containing egregious discrepancies is clear indicia of TelexFree's falsification of accounting records and failure to adhere to Generally Accepted Accounting Principles ("GAAP"). As Chief Financial Officer for TelexFree, Inc. and TelexFree, LLC, as well as a certified public accountant, Defendant Craft, knowingly perpetrated the TelexFree fraud.

310. Defendant Costa, was Manager of TelexFree, LLC. Costa is one of the original founders of TelexFree. Costa was involved in the day-to-day management and oversight of TelexFree and was actively involved in and managed its Brazilian operations. Costa has appeared on numerous websites and videos posted on the Internet promoting TelexFree and touting its huge financial return. Costa is videoed displaying an Insurance Notification representing that it was proof of coverage for investors' returns; however, in actuality the document was a notification denying coverage.[6]

---

[6] See http://www.youtube.com/watch?v=q2A2IsAPd0I.

**M. TELEXFREE'S LAWYERS AIDED, ABBETTED AND PLAYED AN INTERGRAL PART IN TELEXFREE'S UNLAWFUL, UNFAIR AND DECEPTIVE PYRAMID PONZI SCHEME**

311.     Defendants Gerald P. Nehra and Richard W. Waak, along with the entities Law Offices of Nehra and Waak, Gerald P. Nehra, Attorney at Law, PLLC, and Richard W. Waak, Attorney at Law, PLLC (hereafter sometimes collectively referred to as "Attorney Defendants") are self-proclaimed multi-level marketing ("MLM") specialist attorneys. During the course of TelexFree's fraudulent scheme, the above-named Attorney Defendants acted as legal counsel to TelexFree. Attorney Nehra had previously acted as counsel to other multi-level marketing firms, which were forced, closed by federal and/or state authorities due to fraudulent pyramid and Ponzi schemes, including ZeekRewards and AdSurfDaily. [7]

312.     Attorney Nehra's extensive experience in multi-level marketing, and particularly his involvement with the Ponzi schemes involving AdSurfDaily and Zeek Rewards, armed him with the knowledge of what constitutes violations of United States securities law.   Indeed, Attorney Nehra was well aware that the use of semantics and obscured phraseology to obfuscate securities laws fails to legitimize TelexFree's illegal Pyramid Ponzi Scheme.

313.     Attorney Waak also claims to have more than thirty years of experience in counseling MLM and direct-selling enterprises. Attorney Waak claims to have managed the legal defense of multiple class action lawsuits involving claims for "*pyramiding, securities fraud, false advertising and civil RICO*."

314.     Attorney Nehra and Attorney Waak are together the general partners of the Law Offices of Nehra and Waak. On the website of the Law Offices of Nerha and Waak, Defendant Attorneys Nehra and Waak claim to specialize in counseling "*domestic and foreign companies operating MLM (multi-level marketing) businesses in the United States*." Also, on the website of

_____

[7] *Id.*

the Law Offices of Nerha and Waak, Attorneys Nehra and Waak boldly boast that "*No Company that retained this firm BEFORE LAUNCH has been shut down by a regulator.*"[8]

315.    As general partners of the Law Offices of Nehra and Waak, Attorney Nehra and Attorney Waak are jointly and severally liable for torts and obligations of the firm. During the time that the Law Offices of Nehra and Waak provided legal counsel to TelexFree, Attorney Waak was Principal Attorney of the law firm. Attorney Waak, as Principal Attorney of the Law Offices of Nehra and Waak, was charged with oversight of the daily activities of the law firm.

316.    Attorneys Nehra and Waak also maintained the Defendant Professional Limited Liability Companies, Gerald P. Nehra, Attorney at Law, PLLC and Richard W. Waak, Attorney at Law, PLLC, which, upon information and belief, also provided legal and counseling services to TelexFree. During the course of TelexFree's scheme, there was no clear distinction among the services provided to TelexFree by the Law Offices of Nehra and Waak, the individual Attorney Defendants, and their respective Professional Limited Liability Companies.

317.    The Attorney Defendants' role and involvement in the TelexFree Pyramid Ponzi Scheme exceeded merely providing legal counsel since they knowingly acted to further and perpetuate TelexFree's illegal Pyramid Ponzi Scheme, which caused Plaintiffs Cellucci, Lake and Pacheco and the similarly situated Putative class members to suffer economic loss. The Attorney Defendants had actual knowledge that the TelexFree Business Model was a fraudulent Pyramid Ponzi Scheme.

318.    Seeking to personally profit from TelexFree's exploitation of the members of the putative class, Defendant Gerald P. Nehra drew upon his prior experience to aid, abet and play an integral part in TelexFree's unlawful, unfair and deceptive acts and practices during times relevant to this complaint. Attorney Nehra counseled TelexFree on methods to evade United

---

[8] *Id.*

States securities laws that were intended to offer, in part, protection from Pyramid Ponzi schemes; all to enrich himself financially and serve his own selfish interests. Attorney Nehra further encouraged TelexFree Investors to unknowingly participate in the evasion of federal and state securities laws. Defendant Nehra accomplished this by representing that his extensive experience as an MLM expert and his thorough research of TelexFree's business model allowed him to form a legal opinion that TelexFree was a legitimate business. In making this professional opinion Defendant Nehra misrepresented TelexFree as a legitimate business concern.

319. For instance, by instructing Investors to avoid using the terms "investment" with reference to AdCentral Package (See TelexFree Contract, Paragraph 2.6.5(m)), he attempted to conceal, and encouraged others to conceal, the fact that TelexFree was involved in the sale of securities, and further attempted to strip Investors of the rights afforded them by federal and state securities laws. Advising TelexFree Investors to act to avoid the protections offered by federal and state securities laws, Attorney Nehra never once advised the putative class member TelexFree Investors that so acting presented a risk to them, including the risk of participating in an unlawful scheme. Advising TelexFree Investors to act to avoid the protections offered by federal and state securities laws, Attorney Nehra never once advised the putative class member TelexFree Investors that so acting was against their own interests or that it better served TelexFree and himself. Attorney Nehra's acts of aiding, abetting and playing an integral part in TelexFree's unlawful, unfair and deceptive acts and practices exceed the scope of zealously representing TelexFree.

320. Defendant Gerald Nehra contributed in an indispensable way to TelexFree's continued unlawful operation in the United States because, as a duly licensed member of the bar, he publicly stated to Investors that, in his professional opinion, TelexFree's business model and operations complied with federal and state laws. TelexFree and its Officers knowingly used

Attorney Nehra's false legal opinions and misrepresentations as a marketing tool to unfairly and deceptively further and advance their illegal Pyramid Ponzi Scheme. Attorney Nehra knew that his legal opinions were false, and that his representations would be used by TelexFree as a marketing tool to further and advance their business model and illegal activities. Attorney Nehra's opinions were packaged and promoted as part of TelexFree's total "post Brazilian shut down package" to the members of the putative class.

321. As described in greater detail throughout, in the early spring of 2013 TelexFree Brazil was found to be an illegal pyramid and Ponzi scheme. TelexFree suffered a financial crisis when the funds of hundreds of thousands of Brazilian affiliate investors were frozen in company accounts by order of the Brazilian Court. To keep its Pyramid Ponzi Scheme ongoing, TelexFree needed a constant influx of new investor cash. In spring 2013, TelexFree was forced to focus on new markets, including new Investors from the United States and Canada, because their Brazilian operation had been shuttered and all Brazilian assets were frozen. To enhance the credibility and marketability of their United States operation, TelexFree employed the Attorney Defendants to make their illegal and fraudulent methods, operation and business plan appear legitimate. On the weekend of July 26th and 27, 2013, TelexFree held an event, which they dubbed a "super weekend," in Newport Beach, California. The focus of TelexFree's "super weekend" event included considerable efforts intended to reassure Investors that its United States operations and program were legitimate, lawful and worth putting their money behind.

322. Notwithstanding the fact that TelexFree's Brazilian bank accounts were frozen and all their Brazilian recruiting and Return on Investment payments had been suspended by court order in their largest affiliate market, Attorney Nehra advised attendees that the shut-down in Brazil would have no bearing on TelexFree's U.S. operations. At this "super weekend" event, Attorney Nehra spoke at length to attending investors, assuring them of the legality of

TelexFree's operation stating: "*It is legally designed...you are on very solid legal ground,*" and stating that TelexFree's operation had been "*vetted by the Nehra and Waak law firm.*"

323.    At all times Attorney Nehra left no doubt that he and his firm were acting as legal counsel to TelexFree to assist them in insuring their U.S. operations were lawfully conducted, knowing that, in fact, these operations were nothing more than an illegal Pyramid Ponzi Scheme. Although, at all times material herein, Attorney Nehra emphatically assured Investors and potential Investors that, in his professional opinion, the TelexFree business model was legitimate and lawful, he had actual knowledge that TelexFree's operation was unlawful and illegitimate.

324.    Attorney Nehra assured Investors and potential Investors that, in his professional opinion, the TelexFree business model was legitimate, although he had actual knowledge that TelexFree Multilevel Marketing Network "*Partnerships*" involving TelexFree's AdCentral marketing packages were in fact unregistered securities. Attorney Nehra even provided advice on how to unlawfully circumvent federal and state securities laws. Attorney Nehra assured Investors and potential Investors that, in his professional opinion, the TelexFree business model was legitimate and lawful, even though Attorney Nehra had specific knowledge of the ruling of the Brazilian Court and knowledge of and access to TelexFree's United States operations and their composition.

325.    Defendant Nehra knew at all times relevant to his providing legal opinions and counsel at the request of TelexFree that TelexFree's conduct constituted a breach of duty to its Investors. Defendant Nehra knew at all times relevant to his providing legal opinions and counsel at the request of TelexFree that his role was intended to give substantial assistance or encouragement to TelexFree to continue its unlawful business model. Defendant Nehra knew at all times relevant to his providing legal opinions at the request of TelexFree that TelexFree intended to use Nehra prominently as a marketing tool on both their localized Brazilian

(Portuguese) and Spanish (Spanish) website portals, in an effort to make TelexFree's illegal Pyramid Ponzi Scheme appear legitimate, thereby continuing and perpetuating the ongoing fraud.

326.    TelexFree used Nehra's false legal opinions as a marketing tool to promote its illegal Pyramid Ponzi scheme on, *inter alia*, Brazilian (Portuguese) and Spanish/Dominican (Spanish) website portals. Nerha and the other Attorney Defendants know that these legal opinions were false, and that these false opinion were used by TelexFree to promote and perpetuate TelexFree's illegal Pyramid Ponzi Scheme. In order to serve his own selfish and pecuniary interests, Attorney Nehra willfully aided, abetted, counseled, induced, and/or procured TelexFree's violations of law regarding the proper segregation and maintenance of customer funds, and acted in concert and combination with Defendant TelexFree in such violations.

327.    Attorney Waak, as general partner and Principal Attorney of the Law Offices of Nehra and Waak, was aware of, oversaw, and, upon information and belief, participated in Attorney Nehra's tortious and illegal conduct with respect to the TelexFree Pyramid Ponzi Scheme. Attorney Waak, as general partner and Principal Attorney of the Law Offices of Nehra and Waak, was aware of, oversaw, and, upon information and belief, participated in TelexFree Pyramid Ponzi Scheme.

## N.    TELEXFREE'S CERTIFIED PUBLIC ACCOUNTANT AIDED, ABBETTED AND PLAYED AN INTERGRAL PART IN TELEXFREE'S UNLAWFUL, UNFAIR AND DECEPTIVE PYRAMID PONZI SCHEME

328.    As the Chief Financial Officer of TelexFree, Inc. and TelexFree, LLC, Defendant Craft, also known as Joe H. Craft, has been a certified public accountant and served as the Chief Financial Officer ("CFO") of Telex Free, Inc. and TelexFree, LLC. Defendant Craft is also the sole Member and Manager of Craft Financial, an Indiana-based limited liability company.

329.    Defendants Craft and Craft Financial are indistinguishable with regards to their

involvement with the TelexFree Pyramid Ponzi Scheme. Defendants Craft and Craft Financial knowingly participated in and perpetuated TelexFree's illegal Pyramid Ponzi Scheme. In his capacity as CFO and certified public accountant of TelexFree, Defendants Craft and Craft Financial have been responsible for preparing or approving TelexFree's financial statements, overseeing TelexFree's accounting methods and records, and otherwise exercising significant supervision and control over TelexFree.

330.    On April 23, 2013, in response to a request for a profit-and-loss statement issued by the SOC, TelexFree produced a document purporting to be TelexFree's 2012 profit-and-loss statement. On February 5, 2014, the SOC requested a second profit-and-loss statement from TelexFree for 2012, which TelexFree produced on February 26, 2014. A comparison of these two profit-and-loss statements – each purporting to be TelexFree's profit-and-loss statement for 2012 – reveals massive discrepancies.

331.    The existence of duplicative accounting records containing egregious discrepancies is clear indicia of TelexFree's falsification of accounting records and failure to adhere to GAAP.

332.    As CFO and certified public accountant for TelexFree, Inc. and TelexFree, LLC, as well as a certified public accountant, Defendants Craft and Craft Financial, knowingly perpetrated the TelexFree fraud.

333.    Defendants Craft and Craft Financial disseminated, and otherwise allowed to be disseminated, false and inaccurate financial information among Investors, knowing that such information was false an designed to continue and perpetuate the illegal Pyramid Ponzi Scheme. Defendants Craft and Craft Financial authorized TelexFree to provide Investors with inaccurate and fraudulent 1099 (Miscellaneous Income) forms, in many cased long after the January 31, 2014 required deadline, and in an effort to misrepresent payments made to Investors and conceal

assets. Defendants also prepared false financial documents for affiliated TelexFree entities and prepared false tax returns for the affiliated TelexFree entities.

## O. THE BANKING INSTITUTION AND FINANCIAL SERVICES PROVIDER DEFENDANTS KNOWINGLY AIDED AND ABETTED TELEXFREE'S SCHEME AND RECEIVED FRAUDULENT TRANSFERS OF FUNDS

334. During the course of the TelexFree Pyramid Ponzi Scheme, Defendants Bank of America, Bank of America, N.A., TD Bank, Citizens Financial, Citizens Bank, Fidelity Bank, Middlesex Savings, Wells Fargo, Wells Fargo Bank, Fidelity Investments, Waddell & Reed Financial, Waddell & Reed, GPG, IPS, ProPay, Base Commerce, Vantage Payments, and the Doe Banks and Doe Payment Processors provided crucial financial services to TelexFree, which enabled TelexFree to carry on its Pyramid Ponzi scheme. TelexFree's financial services providers, including the aforesaid banking institutions, investment service providers, and payment processing services providers, knowingly aided and abetted TelexFree's Pyramid Ponzi Scheme by:

    a. Receiving transfers of funds from, and on behalf of, TelexFree in the course of TelexFree's fraudulent business, despite knowledge of the fraudulent nature of TelexFree's business enterprise;

    b. Receiving transfers of funds from TelexFree, its affiliated entities, and its executive officers, which transfers deepened TelexFree's insolvency, despite having knowledge of TelexFree's actual or imminent insolvency at the time of such transfers;

    c. Processing payments to, and on behalf of, TelexFree, including its affiliated entities and Management, in the course of TelexFree's fraudulent business, despite knowledge of the fraudulent nature of TelexFree's business enterprise; and

d. Otherwise enabling the TelexFree Pyramid Ponzi Scheme to expand and continue by providing necessary financial services to TelexFree, despite actual knowledge of fraud on the part of TelexFree.

335. Defendants Bank of America, Bank of America, N.A., TD Bank, Citizens Financial, Citizens Bank, Fidelity Bank, Middlesex Savings, Wells Fargo, Wells Fargo Bank, (hereinafter sometimes collectively referred to as "Banking Institution Defendants") possessed actual knowledge of the fraudulent nature of TelexFree's business operation, since at least June 2013 and despite knowledge of the fraudulent nature of TelexFree's business operations, the Banking Institution Defendants continued to provide TelexFree with banking services.

336. The Banking Institution Defendants received funds from Investors, which funds were then held for the benefit of TelexFree, its affiliated entities, and its Management. TelexFree's investors were directed by TelexFree, as part of TelexFree's "*signup procedures*," to transfer investment funds to accounts held by TelexFree at Bank of America and TD Bank.

337. Wells Fargo Bank maintained a depository account for TelexFree until March 14, 2014, long after TelexFree's Brazilian operation had been publicly exposed as a Pyramid Ponzi scheme and shutdown, and after a scam warning against TelexFree had been issued in the United Kingdom.[9]

338. Defendants Fidelity Investments, Waddell & Reed Financial, Waddell & Reed (sometimes referred to as the "Investment Service Provider Defendants) possessed actual knowledge of the fraudulent nature of TelexFree's business operation, since at least June 2013. The president of Fidelity is the brother of Defendant Merrill.

339. Despite knowledge of the fraudulent nature of TelexFree's business operations, the Investment Service Provider Defendants continued to provide TelexFree and the Officer

---

[9] See Declaration of Stuart A. MacMillan, Case No. 14-125234-ABL, Doc. 121, par. 12, attached herewith as Exhibit 16.

Defendants with both personal and business investment services. The Banking Institution Defendants and Investment Service Provider Defendants also received large transfers of funds from TelexFree, its affiliated entities, and its Management, during which time TelexFree was insolvent, despite knowledge of the fraudulent nature of TelexFree's business operations, thereby deepening TelexFree's insolvency and assisting TelexFree and its Management in concealing assets.

340. Defendants GPG, IPS, Propay, Base Commerce, Vantage Payments, and the Doe Payment Processors (hereinafter sometimes collectively referred to as "Payment Processing Services Companies" or "PPSC Defendants") possessed actual knowledge of the fraudulent nature of TelexFree's business operations since at least June 2013.

341. Despite knowledge of the fraudulent nature of TelexFree's business operations, the PPSC Defendants continued to provide TelexFree with payment processing services. The PPSC Defendants processed payments by Investors to TelexFree in the course of TelexFree's fraudulent business operations, which funds were then held for the benefit of TelexFree, its affiliated entities, and its Management. The PPSC Defendants also processed large transfers of funds from TelexFree, its affiliated entities, and its Management, to Banking Institution Defendants and other receivers, during which time TelexFree was insolvent, despite knowledge of the fraudulent nature of TelexFree's business operations, thereby deepening TelexFree's insolvency and assisting TelexFree and its Management in concealing assets. The PPSC Defendants received payment of substantial fees in return for providing these services.

342. IPS provided TelexFree with a service titled "e-Wallet," which was used by TelexFree to process electronic transfers of funds by Investors to TelexFree. According to a TelexFree balance sheet, dated December 31, 2013, posted by the Washington State Utilities and Transportation Commission, as of December 31, 2013, TelexFree claimed $31,640,192.30 in

assets then held by IPS (under the brand name "e-Wallet") on behalf of TelexFree.

343.    Defendants GPG, Base Commerce, and Vantage Payments, also processed electronic transfers of funds by Investors to TelexFree.

344.    Defendant ProPay, which also does business as Propay.com, also processed such electronic transfers of funds on behalf of TelexFree. ProPay processed transfers of funds by and on behalf of TelexFree, its affiliated entities, and its Management, during which time TelexFree was insolvent, despite knowledge of the fraudulent nature of TelexFree's business operations, thereby deepening TelexFree's insolvency and assisting TelexFree and its Management in concealing assets.

## P.    DOE INSIDER PROMOTERS

442.    Although they remain unknown to the Putative Class Representatives and will remain unknown until discovery has been exchanged, certain promoters were provided with inside information by Defendants and in fact acted as agents servants of the Defendants.

443.    The Putative Class Representatives seek to obtain damages, restitution and injunctive relief for the Class, as defined, below, from Defendants.

## CLASS ACTION ALLEGATIONS

444.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on their own behalf, and on behalf of all other persons similarly situated ("the Class"). The Class that Plaintiffs seek to represent is:

> All persons who tendered funds to TelexFree between 1/1/2012 and April 15, 2014 and who did not recoup the amount of money they originally invested. Excluded from the Class are the Defendants and their officers, directors, and employees of Defendant; any entity in which Defendant have a controlling interest; the co conspirators, so called insider promoters, legal representatives, attorneys, heirs, and assigns of the Defendants.

445.    Plaintiffs meet the requirements of Federal Rules of Civil Procedures 23(a) because the members of the Class are so numerous that the joiner of all members is impractical.

While the exact number of Class members is unknown to Plaintiffs at this time, based on information and belief, it is in the hundreds of thousands.

446. Plaintiffs meet the requirements of Federal Rules of Civil Procedures 23(a) because there is a well-defined community of interest among the members of the Class, common questions of law and fact predominate, Plaintiffs' claims are typical of the members of the Class, and Plaintiffs can fairly and adequately represent the interests of the Class.

447. This action satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) because it involves questions of law and fact common to the member of the Class that predominate or any questions affecting only individual members, including, but not limited to:

a. Whether TelexFree ran a Pyramid Ponzi Scheme;

b. Whether TelexFree ran a lawful Multi-Level Marketing program;

c. Whether TelexFree offered and sold securities in the form of unregistered investment contracts constituting securities.

d. Whether the other Defendants aided and abetted TelexFree in the sale of unregistered securities in violation of the law;

e. Whether Defendant Officers, Named Insider Promoters, Doe Inside Promoters, Doe Paralegal, Banks and Financial Institutions, Payment Processing Services Companies, Retained Licensed Professionals and Doe Banks knew that TelexFree was an illegal pyramid-type Ponzi scheme which involved the illegal sale of securities, continued to aid, abet and further such illegal activities or are otherwise liable for the economic loss suffered by the Putative Class;

h. Whether TelexFree's financial services providers, including the aforesaid banking institutions and payment processing services providers, knowingly aided and abetted TelexFree's Pyramid Ponzi Scheme;

i.   Whether TelexFree and the other Defendants also violated Title 17, Code of Federal Regulations, Section 240.10b-5 by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons.

j.   Whether Defendants violated Section 1965 of the Racketeer Influenced and Corrupt Organizations Act [18 U.S.C. § 1965];

k.   Whether TelexFree mailed fraudulent and inaccurate 1099 (Miscellaneous Income) forms to investors;

448.   Plaintiffs' claims are typical of those of other Class members because Plaintiffs were defrauded by the Defendants' scheme to fraudulently offer and sell unregistered securities; Plaintiffs will fairly and accurately represent the interests of the Class.

449.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendants and would lead to repetitive adjudication of common questions of law and fact. Accordingly, class treatment is superior to any other method for adjudicating the controversy. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action under Rule 23(b)(3).

450.   Damages for any individual class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class treatment, the Defendants' violations of

law inflicting substantial damages in the aggregate would go un-remedied without certification of the Class.

451. The Defendants have acted or refused to act on grounds that apply generally to the class, as alleged above, and certification is proper under Rule 23(b)(2).

**FIRST CLAIM FOR RELIEF**
**(FOR VIOLATIONS OF SECTION 10(B) OF THE SECURITIES AND EXCHANGE ACT OF 1934 AND SECURITIES AND EXCHANGE COMMISSION RULE 10B-5 -AGAINST DEFENDANTS TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; MERRILL, WANZELER, LABRIOLA, CRAFT, COSTA, RODRIGUES; WWW GLOBAL BUSINESS, INC.; DE LA ROSA; CROSBY; SLOAN, DOE INSIDER PROMOTERS, AND OTHERS)**

452. Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

453. During the class period, Defendants, directly and indirectly, by the use of means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a scheme and a continuous course of conduct to make materially false and misleading statements about the TelexFree investment dealings, financial condition and operations and to conceal adverse material information about these investments.

454. Defendants employed devices, schemes, and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and courses of conduct, as alleged herein, including the following: (1) making or participating in the making of untrue statements of material facts; (2) omitting to state the material facts necessary to make the statements about the investments not misleading; and (3) engaging in transactions, practices, and a course of business which operated as a fraud and deceit upon investors during the Class Period.

455. Each of the said Defendants offered and sold securities by means of fraudulent misrepresentations and intentional omissions of material facts concerning the securities.

456. Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to

ascertain and to disclose such facts, even though such facts were available to them. Such misrepresentations and/or omissions were done knowingly or recklessly for the purpose and effect of concealing the true information about the investments, including their financial condition and operations.

457.    Defendants received information reflecting the true facts regarding the investment and TelexFree's business practices, exercised control over and/or receipt of the materially misleading misstatements and/or their association with the investment and made them privy to confidential proprietary information concerning these investments. Because of their control and/or association with the investment, Defendants were active and culpable participants in the fraudulent scheme.

458.    Defendants knew and/or recklessly disregarded the falsity and misleading nature of the information that they caused to be disseminated to Investors.

459.    The ongoing fraudulent scheme described herein could not have been perpetrated over a substantial period of time, without the knowledge and complicity of Defendants.

460.    As a result of the dissemination of materially false and misleading information and the failure to disclose material facts, as set forth above, Investors paid artificially inflated prices for worthless membership interests in the investment during the Class Period.

461.    In ignorance of the materially false and misleading nature of the reports and statements described above, Plaintiffs and the other Class members relied, to their detriment, on Defendants for complete and accurate information about these investments.

462.    By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10 b-5 promulgated there under, and Plaintiffs and the Class have been damaged thereby, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

**(FOR VIOLATIONS OF SECTION 20(A) OF THE SECURITIES AND EXCHANGE ACT 1934 AND SECTION 15 OF THE SECURITIES ACT OF 1933 AGAINST DEFENDANTS MERILL, WANZELER, LABRIOLA, CRAFT, CRAFT FINANCIAL, COSTA, WAAK, NEHRA, LAW OFFICES OF NEHRA AND WAAK, GERALD P. NEHRA, ATTORNEY AT LAW, PLLC AND RICHARD W. WAAK, ATTORNEY AT**

463.    Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

464.    At the time of the wrongs alleged herein, Defendants Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Waak, Nehra, Law Offices of Nehra and Waak, Gerald P. Nehra, Attorney at Law, PLLC and Richard W. Waak, Attorney at Law, PLLC, were each a controlling person of TelexFree within the meaning of Section 20(a) of the Exchange Act.

465.    By reason of their respective positions of authority, Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Waak, Nehra, Law Offices of Nehra and Waak, Richard W. Waak, Attorney at Law, PLLC and Gerald P. Nehra, Attorney at Law, PLLC had the power and authority to influence and control, and did influence and control, the decision-making and activities of TelexFree and the affiliated TelexFree Entities and caused them to engage in the wrongful conduct described herein. Defendants, Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Nehra, Law Offices of Nehra and Waak, Richard W. Waak, Attorney at Law, PLLC and Gerald P. Nehra, Attorney at Law, PLLC, exercised control to cause the dissemination of false and misleading statements and omissions of material facts.

466.    Defendants Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Waak, Nehra, Law Offices of Nehra and Waak, Richard W. Waak, Attorney at Law, PLLC and Gerald P. Nehra, Attorney at Law, PLLC also materially aided in the sale of TelexFree AdCentral packages, which constitute securities, by actively promoting such

**467.**    By virtue of their positions as controlling persons, and as a result of the aforementioned conduct, Defendants are liable under Section 20(a) of the Exchange Act.

**THIRD CLAIM FOR RELIEF**
**(FOR VIOLATIONS OF SECTIONS 5 AND 12(A)(L) OF**
**THE SECURITIES ACT OF 1933 AGAINST DEFENDANTS** TELEXELECTRIC, LLLP;
TELEX MOBILE, HOLDINGS, INC.; **MERRILL, WANZELER, LABRIOLA, CRAFT,**
**COSTA, AND OTHERS**)

468.    Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

469. The Securities Act prohibits sale or delivery after sale of an unregistered security.

470. Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Craft, Costa, the Insider Promoter Does and others failed to file a true Registration Statement for TelexFree under the 1933 Act.

471. A Registration Statement must include the following: (1) the entity's properties and business, (2) a full description of the offered security, (3) information about the management of the entity, and (4) a financial statement certified by an independent auditor. None of these were provided.

472. By omitting this information, Defendants filed a false Form D.

473. Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Craft, Costa, the Insider Promoter Does and others also did not apply for or receive an exemption under Regulation D.

474. Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Craft, Costa, the Insider Promoter Does and others failed to provide to Plaintiffs access to the information that they were required to provide, including audited financial statements.

475. Plaintiffs purchased these securities without knowledge of the failure of Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Craft, Costa, the Insider Promoter Does and others to file the required Registration Statement or receive an exemption therefrom.

476. Plaintiffs would not have purchased the securities if Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.;, Merrill, Wanzeler, Labriola, Craft, Costa, the Insider Promoter Does and others provided the information required in a Registration Statement.

477. By virtue of the foregoing, Plaintiffs have been damaged and are entitled to damages, including rescission, and other relief for violations by Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Craft, Costa, the

Insider Promoter Does and others of Sections 5 and 12(a)(1) of the Securities Act of 1933 alleged herein.

## FOURTH CLAIM FOR RELIEF
### (FOR VIOLATIONS OF SECTION 11 OF THE SECURITIES ACT OF 1933 AGAINST DEFENDANTS TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; MERILL, WANZELER, LABRIOLA, CRAFT, CRAFT FINANCIAL, COSTA, WAAK, NEHRA, LAW OFFICES OF NEHRA AND WAAK, GERALD P. NEHRA, ATTORNEY AT LAW, PLLC AND RICHARD W. WAAK, ATTORNEY AT LAW, PLLC)

478.    Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

479.    During the class period, Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Waak, Nehra, Law Offices of Nehra and Waak, Richard W. Waak, Attorney at Law, PLLC and Gerald P. Nehra, Attorney at Law, PLLC, fraudulently failed to convey facts material to the TelexFree AdCentral investment packages by failing to produce and file a Registration Statement.

480.    In particular, they said Defendants intentionally avoided the requirement to produce a Registration Statement, and intentionally avoided disclosing that the AdCentral packages were, in fact, investments, and that financial returns on the AdCentral investments were derived from the proceeds received from the purchase of such investments, and not from the sale of the VoIP product.

481.    Said Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein.

482.    Such misrepresentations and/or omissions were done knowingly for the purpose and effect of concealing the true information about the investments, including their financial condition and operations.

483.    Said Defendants received information reflecting the true facts regarding the investment and TelexFree's business practices, exercised control over and/or receipt of the materially misleading misstatements and/or their association with the investment and made them

privy to confidential proprietary information concerning these investments.

484.    Because of their control and/or association with the investment, Defendants were active and culpable participants in the fraudulent scheme.

485.    Said Defendants knew and recklessly disregarded the falsity and misleading nature of the information that they caused to be disseminated to Investors.

486.    The ongoing fraudulent scheme described herein could not have been perpetrated over a substantial period of time without the knowledge and complicity of the Defendants.

487.    As a result of failure to disclose material facts, as set forth above, including their failure to file the requisite registration material, Investors paid artificially inflated prices for worthless membership interests in the investment during the Class Period.

488.    By virtue of the foregoing, said Defendants have violated Section 11 of the Securities Act, and Plaintiffs and the Class have been damaged thereby, in an amount to be proven at trial.

**FIFTH CLAIM FOR RELIEF**
**(FOR VIOLATIONS OF SECTION 12(A)(2) OF**
**THE SECURITIES ACT OF 1933 AGAINST DEFENDANTS TELEXELECTRIC, LLLP;**
**TELEX MOBILE, HOLDINGS, INC.;MERRILL, WANZELER, LABRIOLA, CRAFT,**
**COSTA, AND OTHERS)**

489.    Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

490.    Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Craft, Costa and others participated in the sale of securities to Plaintiffs that were unregistered and not exempt from registration.

491.    At the time of their investments, Plaintiffs had no knowledge that the investments offered by TelexFree or Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Craft, Costa, the Insider Promoter Does and others were subject to registration requirements.

492.    In fact, Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS,

INC.; Merrill, Wanzeler, Labriola, Craft, Costa and others knew or reasonably should have known that the TelexFree Agreement Contract and investment scheme was subject to the registration requirement of the Securities Act.

493.    Both the TelexFree Contract and related materials distributed to Plaintiffs and the oral communications with Plaintiffs contained material omissions and misstatements.

494.    Plaintiffs had no knowledge of the falsity of these statements or of the material omissions in the written materials including, but not limited to, Accounting Statements prepared by the accounting Defendants and other misrepresentations made by Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Craft, Costa and others as described above. Plaintiffs reasonably believed such statements were true.

495.    Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Craft, Costa and others knew, or in the exercise of reasonable diligence, should have known, of the untruths and omissions.

496.    Plaintiffs would not have purchased the securities if they had this knowledge.

497.    As a result of these investments, Plaintiffs have been damaged.

498.    Plaintiffs are entitled to rescind their purchases and recover the value of their interest in TelexFree.  Plaintiffs seek rescission of their purchase of membership interests in TelexFree.

<u>SIXTH CLAIM FOR RELIEF</u>
<u>(FOR VIOLATIONS OF MASSACHUSETTS GE TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; NERAL LAWS, CHAPTER 110A, SECTION 410(A) AGAINST DEFENDANTS MERRILL, WANZELER, LABRIOLA, CRAFT, COSTA, RODRIGUES, WWW GLOBAL BUSINESS, INC., DE LA ROSA, CROSBY, SLOAN, AND THE DOE INSIDER PROMOTERS)</u>

499.    Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

500.    During the Class Period, Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Craft, Costa, Rodrigues, WWW

Global Business, De La Rosa, Crosby, Sloan, and the Doe Insider Promoters offered and sold securities to the Plaintiffs by means of a scheme and a continuous course of conduct to make materially false and misleading statements about the TelexFree investment dealings, financial condition and operations and to conceal adverse material information about these investments.

501. Said Defendants employed devices, schemes, and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and courses of conduct, as alleged herein, including the following: (1) making or participating in the making of untrue statements of material facts; (2) omitting to state the material facts necessary to make the statements about the investments not misleading; and (3) engaging in transactions, practices, and a course of business which operated as a fraud and deceit upon investors during the Class Period.

502. Each of the said Defendants offered and sold securities by means of fraudulent misrepresentations and intentional omissions of material facts concerning the securities.

503. Said Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such misrepresentations and/or omissions were done knowingly or recklessly for the purpose and effect of concealing the true information about the investments, including their financial condition and operations.

504. Said Defendants received information reflecting the true facts regarding the investment and TelexFree's business practices, exercised control over and/or receipt of the materially misleading misstatements and/or their association with the investment and made them privy to confidential proprietary information concerning these investments. Because of their control and/or association with the investment, Defendants were active and culpable participants in the fraudulent scheme.

505. Said Defendants knew and/or recklessly disregarded the falsity and misleading nature of the information that they caused to be disseminated to Investors.

506. The ongoing fraudulent scheme described herein could not have been perpetrated over a substantial period of time without the knowledge and complicity of the said Defendants.

507. As a result of the dissemination of materially false and misleading information and the failure to disclose material facts, as set forth above, Investors paid artificially inflated prices for worthless membership interests in the investment during the Class Period.

508. In ignorance of the materially false and misleading nature of the reports and statements described above, Plaintiffs and the other Class members relied, to their detriment, on said Defendants for complete and accurate information about these investments.

509. By virtue of the foregoing, said Defendants have violated Section 410(a) of the Massachusetts Uniform Securities Act, M.G.L. c. 110A, and Plaintiffs have been damaged thereby, in an amount to be proven at trial.

**SEVENTH CLAIM FOR RELIEF**
**(FOR VIOLATIONS OF MASSACHUSETTS GENERAL LAWS, CHAPTER 110A, SECTION 410(B) AGAINST DEFENDANTS MERILL, WANZELER, LABRIOLA, CRAFT, CRAFT FINANCIAL, COSTA, NEHRA, LAW OFFICES OF NEHRA AND WAAK, RICHARD W. WAAK, ATTORNEY AT LAW, PLLC AND GERALD P. NEHRA, ATTORNEY AT LAW, PLLC, AND OTHERS)**

510. Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

511. At the time of the wrongs alleged herein, Defendants Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Waak, Nehra, Law Offices of Nehra and Waak, Richard W. Waak, Attorney at Law, PLLC, Gerald P. Nehra, Attorney at Law, PLLC and others were each a controlling person, partner, officer, director, person occupying a similar status, or employee materially aiding in the sale of securities, of TelexFree within the meaning of Section 410(b) of the Massachusetts Uniform Securities Act, M.G.L. c. 110A.

512. By reason of their respective positions of authority, Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Waak, Nehra, Law Offices of Nehra and Waak, Gerald P. Nehra, Attorney at Law, PLLC, Richard W. Waak, Attorney at Law, PLLC and others had the power and authority to influence and control, and did influence and control, the decision-making and

activities of TelexFree and the affiliated TelexFree entities and caused them to engage in the wrongful conduct described herein. Defendants Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Waak, Nehra, Law Offices of Nehra and Waak, Richard W. Waak, Attorney at Law, PLLC and Gerald P. Nehra, Attorney at Law, PLLC exercised control to cause the dissemination of false and misleading statements and omissions of material facts.

513.    By virtue of their positions as controlling person and top-level promoters, and as a result of the aforementioned conduct, Defendants are liable under Section 20(a) of the Exchange Act.

514.    Plaintiffs seek the award of actual damages on behalf of the Class.

**EIGHTH CLAIM FOR RELIEF**
**(NEGLIGENCE AGAINST ALL DEFENDANTS)**

515.    Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

516.    At all times material herein, Defendants owned a duty to Plaintiffs to act with a level of care to avoid misstating TelexFree's financial information or its returns; and to comply with all applicable laws concerning TelexFree, including, without limitation, federal and state securities laws.

517.    By virtue of misstating and omitting relevant financial information, including the returns to Promoter/Investors, TelexFree breached its duty of care owed to Plaintiffs, the Putative Class Plaintiffs and similarly situated Plaintiffs.

518.    As a direct and proximate result of Defendants' negligence and carelessness, Plaintiffs, the Putative Class Plaintiffs and similarly situated Plaintiffs have been caused to suffer and sustain damages and losses.

**NINTH CLAIM FOR RELIEF**
**(NEGLIGENT MISREPRESENTATION AGAINST DEFENDANTS TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; MERILL, WANZELER, LABRIOLA, COSTA, CRAFT, CRAFT FINANCIAL, COSTA, NEHRA, LAW OFFICES OF NEHRA AND WAAK, RICHARD W. WAAK, ATTORNEY AT LAW, PLLC AND GERALD P. NEHRA, ATTORNEY AT LAW, PLLC, RODRIGUES, DE LA ROSA, CROSBY, AND SLOAN)**

519.    Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

520.    Defendants, TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Waak, Nehra, Law Offices of Nehra and Waak, Gerald P. Nehra, Attorney at Law, PLLC, Richard W. Waak, Attorney at Law, PLLC and others, directly and through their agents, servants, employees and/or representatives, did negligently make false representations of material fact to the said Plaintiffs, with said misrepresentations being made for the purpose of obtaining and/or wrongfully appropriating and converting money from Plaintiffs.

521.    Said Defendants made negligent representations although Defendants knew, or should have known, that such representations were false.

522.    Said representations and statements were material and were relied upon by the said Plaintiffs, inducing them to furnish money to Defendants.

523.    In consequence of said reliance on the negligent misrepresentations, the said Plaintiffs have suffered great financial losses, and have also incurred considerable expenses and loss of income, and have otherwise been greatly damaged.

**TENTH CLAIM FOR RELIEF**
**(INTENTIONAL MISREPRESENTATION AGAINST DEFENDANTS**
**TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; MERRILL,**
**WANZELER, LABRIOLA, COSTA, CRAFT, CRAFT FINANCIAL, COSTA, NEHRA,**
**LAW OFFICES OF NEHRA RICHARD W. WAAK, ATTORNEY AT LAW, PLLC AND**
**WAAK, GERALD P. NEHRA, ATTORNEY AT LAW, PLLC RODRIGUES, DE LA**
**ROSA, CROSBY, AND SLOAN, DOE INSIDER PROMOTERS, AND OTHERS)**

524.    Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

525.    Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Waak, Nehra, Law Offices of Nehra and Waak, Gerald P. Nehra, Attorney at Law, PLLC, Richard W. Waak, Attorney at Law, PLLC Rodrigues, De La Rosa, Crosby, And Sloan, Doe Insider Promoters and others directly and

through their agents, servants, employees and/or representatives, did intentionally make false representations of material fact to the said Plaintiffs with said misrepresentations being made for the purpose of obtaining and/or wrongfully appropriating and converting money from Plaintiffs.

526. Defendants made said intentional misrepresentations although Defendants knew that such representations were false.

527. Said representations and statements were material and were relied upon by the said Plaintiffs, inducing them to furnish money to Defendants.

528. In consequence of said reliance on the intentional misrepresentations, the said Plaintiffs have suffered great financial losses, and have also incurred considerable expenses and loss of income, and have otherwise been greatly damaged.

### ELEVENTH CLAIM FOR RELIEF

### (PROFESSIONAL MALPRACTICE AGAINST DEFENDANTS CRAFT, CRAFT FINANCIAL, NEHRA, WAAK, LAW OFFICES OF NEHRA AND WAAK, GERALD P. NEHRA, ATTORNEY AT LAW, PLLC AND RICHARD W. WAAK, ATTORNEY AT LAW, PLLC)

529. Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

530. At all times material herein, Defendant Craft, Craft Financial, Nehra, Waak, Law Offices of Nehra and Waak, Gerald P. Nehra, Attorney at Law, PLLC and Richard W. Waak, Attorney at Law, PLLC, were the providers of professional accounting and legal services.

531. The said Defendants had a duty to perform these services in conformance with the skill and knowledge normally possessed by members of the accounting and legal professions, using good, known, and accepted customs and practices of the these professions.

532. The said Defendants breached their duty to Plaintiffs by negligently certifying and representing to Plaintiffs and the public that the business model and operations of TelexFree were legal, proper, and economically viable and sustainable, when in fact TelexFree's business model and operations constituted an illegal and unsustainable Ponzi scheme.

533. The said Defendants further failed to exercise proper due diligence in the

discharge of their investigatory duties as certified public accountants and attorneys of TelexFree.

534.    Furthermore, Defendants Craft and Craft Financial negligently failed to ensure that TelexFree maintained proper accounting records.

535.    As a result of the professional negligence of said Defendants, Plaintiffs and the public were misled to belief that TelexFree were legal, proper, and economically viable and sustainable.

536.    As a direct and proximate consequence of the aforementioned negligence of the said Defendants, Plaintiffs sustained injuries and losses.

**TWELFTH CLAIM FOR RELIEF**
**(BREACH OF FIDUCIARY DUTY AGAINST DEFENDANTS TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; MERILL, WANZELER, LABRIOLA, CRAFT, CRAFT FINANCIAL, COSTA, NEHRA, WAAK, LAW OFFICES OF NEHRA AND WAAK, GERALD P. NEHRA, ATTORNEY AT LAW, PLLC AND RICHARD W. WAAK, ATTORNEY AT LAW, PLLC)**

537.    Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

538.    Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Costa, Craft, Craft Financial, Costa, Nehra, Waak, Law Offices of Nehra and Waak, Gerald P. Nehra, Attorney at Law, PLLC and Richard W. Waak, Attorney at Law, PLLC and others owe to Plaintiffs, a duty of utmost good faith and fair dealing.

539.    The said Defendants violated their duty by actively misrepresenting and fraudulently failing to convey facts material to the TelexFree AdCentral investment packages.

540.    Said Defendants had actual knowledge of the fraudulent and deceptive misrepresentations and omissions of material facts set forth herein.

541.    Such misrepresentations and/or omissions were done knowingly for the purpose and effect of concealing the true information about the investments, including their financial condition and operations.

542.    Said Defendants received information reflecting the true facts regarding the

investment and TelexFree's business practices, exercised control over and/or receipt of the materially misleading misstatements and/or their association with the investment and made them privy to confidential proprietary information concerning these investments.

543. Because of their control and/or association with the investment, Defendants were active and culpable participants in the fraudulent scheme.

544. Said Defendants knew and recklessly disregarded the falsity and misleading nature of the information that they caused to be disseminated to Investors.

545. Said Defendants, through the aforesaid fraudulent and deceptive misrepresentations and omissions of material facts, breached their fiduciary duties of care and loyalty to Plaintiffs.

546. As a result of the foregoing breach of fiduciary duty by Defendants, Investors paid artificially inflated prices for worthless membership interests in the investment during the Class Period.

<u>THIRTEENTH CLAIM FOR RELIEF</u>
<u>(BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING AGAINST
DEFENDANTS TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.;
MERILL, WANZELER, LABRIOLA, COSTA, CRAFT, CRAFT FINANCIAL, COSTA,
NEHRA, WAAK, LAW OFFICES OF NEHRA AND WAAK, GERALD P. NEHRA,
ATTORNEY AT LAW, PLLC AND RICHARD W. WAAK, ATTORNEY AT LAW,
PLLC AND OTHERS)</u>

547. Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

548. Defendants owed to Plaintiffs a duty of utmost good faith and fair dealing, and thereby were obligated to consider the welfare of Plaintiffs and refrain from acting for purely selfish motives or private gain.

549. Defendants violated their duty by actively misrepresenting and fraudulently failing to convey facts material to the TelexFree AdCentral investment packages.

550. Said Defendants had actual knowledge of the fraudulent and deceptive misrepresentations and omissions of material facts set forth herein.

551.    Such misrepresentations and/or omissions were made knowingly for the purpose and effect of concealing the true information about the investments, including their financial condition and operations.

552.    Said Defendants received information reflecting the true facts regarding the investment and TelexFree's business practices, exercised control over and/or receipt of the materially misleading misstatements and/or their association with the investment and made them privy to confidential proprietary information concerning these investments.

553.    Because of their control and/or association with the investment, said Defendants were active and culpable participants in the fraudulent scheme.

554.    Said Defendants knew and recklessly disregarded the falsity and misleading nature of the information that they caused to be disseminated to Investors.

555.    Said Defendants, through the aforesaid fraudulent and deceptive misrepresentations and omissions of material facts, breached their covenant of good faith and fair dealing owed to the Plaintiffs.

556.    As a result of the foregoing breach of the covenant of good faith and fair dealing by said Defendants, Investors paid artificially inflated prices for worthless membership interests in the investment during the Class Period.

**FOURTEENTH CLAIM FOR RELIEF**
**(UNJUST ENRICHMENT AGAINST DEFENDANTS TELEXELECTRIC, LLLP;**
**TELEX MOBILE, HOLDINGS, INC.; MERRILL, WANZELER, LABRIOLA, CRAFT,**
**CRAFT FINANCIAL, COSTA, RODRIGUES, WWW GLOBAL BUSINESS, INC.,DE LA**
**ROSA CROSBY, SLOAN, DOE INSIDER PROMOTERS AND OTHERS)**

557.    Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

558.    Plaintiffs furnished funds, directly or indirectly, to Defendants TelexFree, Merrill, Wanderer, Labriola, Craft, Craft Financial, Costa, Rodrigues, WWW Global Business, De La Rosa, Crosby, Sloan and others, which funds were accepted by Defendants without protest or defect.

559.   Said Defendants have unlawfully and in bad faith denied Plaintiffs access to such funds, and have instead retained the benefit of such funds for themselves.

560.   As a direct and proximate result of the foregoing actions of said Defendants, as hereinabove set forth, the said Defendants are, and continue to be, unjustly enriched.

**FIFTEENTH CLAIM FOR RELIEF**
**(FRAUD AGAINST DEFENDANTS TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; MERILL, WANZELER, LABRIOLA, COSTA, CRAFT, CRAFT FINANCIAL, COSTA, NEHRA, WAAK, LAW OFFICES OF NEHRA AND WAAK, GERALD P. NEHRA, ATTORNEY AT LAW, PLLC AND RICHARD W. WAAK, ATTORNEY AT LAW, PLLC, RODRIGUES, WWW GLOBAL BUSINESS, INC., DE LA ROSA, CROSBY, SLOAN, AND OTHERS)**

561.   Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

562.   Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merill, Wanzeler, Labriola, Costa, Craft, Craft Financial, Costa, Nehra, Waak, Law Offices of Nehra and Waak, Gerald P. Nehra, Attorney at Law, PLLC and Richard W. Waak, Attorney at Law, PLLC, Rodrigues, WWW Global Business, De La Rosa, Crosby, Sloan and others repeatedly misrepresented and intentionally failed to convey to Plaintiffs facts material to the TelexFree AdCentral investment packages.

563.   Defendants had actual knowledge of the fraudulent and deceptive misrepresentations and omissions of material facts set forth herein.

564.   Such misrepresentations and/or omissions were done knowingly for the purpose and effect of concealing the true information about the investments, including their financial condition and operations.

565.   Defendants received information reflecting the true facts regarding the investment and TelexFree's business practices, exercised control over and/or receipt of the materially misleading misstatements and/or their association with the investment and made them privy to confidential proprietary information concerning these investments.

566.   Because of their control and/or association with the investment, Defendants were active and culpable participants in the fraudulent scheme.

567. Defendants knew and recklessly disregarded the falsity and misleading nature of the information that they caused to be disseminated to Investors.

568. The ongoing fraudulent scheme described herein could not have been perpetrated over a substantial period of time, without the knowledge and complicity of Defendants.

569. As a result of the foregoing fraud perpetrated by Defendants, Investors paid artificially inflated prices for worthless membership interests in the investment during the Class Period.

**SIXTEENTH CLAIM FOR RELIEF**
**(AIDING AND ABETTING FRAUD AGAINST DEFENDANTS TELEXELECTRIC, TELEX MOBILE, MERRILL, WANZELER, LABRIOLA, CRAFT, CRAFT FINANCIAL, COSTA, RODRIGUES, WWW GLOBAL BUSINESS, INC., DE LA ROSA, CROSBY, SLOAN, NEHRA, WAAK, LAW OFFICES OF NEHRA AND WAAK, GERALD P. NEHRA, ATTORNEY AT LAW, PLLC, RICHARD W. WAAK, ATTORNEY AT LAW, PLLC, BANK OF AMERICA, BANK OF AMERICA, N.A., TD BANK, CITIZENS FINANCIAL, CITIZENS BANK, FIDELITY BANK, MIDDLESEX SAVINGS, WELLS FARGO, WELLS FARGO BANK, FIDELITY INVESTMENTS, WADDELL & REED FINANCIAL, WADDELL & REED, GPG, IPS, PROPAY, BASE COMMERCE, VANTAGE PAYMENTS, AND THE DOE DEFENDANTS)**

570. Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

571. Defendants TelexElectric, Telex Mobile, Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Rodrigues, Www Global Business, De La Rosa, Crosby, Sloan, Nehra, Waak, Law Offices Of Nehra And Waak, Gerald P. Nehra, Attorney At Law, PLLC, Richard W. Waak, Attorney At Law, PLLC, Bank Of America, Bank Of America, N.A., TD Bank, Citizens Financial, Citizens Bank, Fidelity Bank, Middlesex Savings, Wells Fargo, Wells Fargo Bank, Fidelity Investments, Waddell & Reed Financial, Waddell & Reed, GPG, IPS, ProPay, Base Commerce, Vantage Payments, and The Doe Defendants actively and substantially assisted in the commission of the TelexFree fraud.

572. Said Defendants rendered such substantial assistance despite their knowledge that TelexFree's operations constituted an illegal and unsustainable pyramid Ponzi scheme and financial fraud.

573.  As a direct and proximate result of TelexFree's fraud, to which the said Defendants provided substantial assistance, Plaintiffs sustained damages and losses.

## SEVENTEENTH CLAIM FOR RELIEF

### (COMMON LAW FRAUDULENT TRANSFER AGAINST DEFENDANTS TELEXELECTRIC, TELEX MOBILE, MERRILL, WANZELER, LABRIOLA, CRAFT, CRAFT FINANCIAL, COSTA, BANK OF AMERICA, BANK OF AMERICA, N.A., TD BANK, CITIZENS FINANCIAL, CITIZENS BANK, FIDELITY BANK, MIDDLESEX SAVINGS, WELLS FARGO, WELLS FARGO BANK, FIDELITY INVESTMENTS, WADDELL & REED FINANCIAL, WADDELL & REED, GPG, IPS, PROPAY, BASE COMMERCE, VANTAGE PAYMENTS, DOE BANKS, DOE PAYMENT PROCESSORS, PARALEGAL DOE AND OTHERS )

574.  Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

575.  Plaintiffs, at all times material herein, were and are creditors of Defendant TelexFree.

576.  Defendants TelexElectric, Telex Mobile, Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Bank of America, Bank of America, N.A., TD Bank, Citizens Financial, Citizens Bank, Fidelity Bank, Middlesex Savings, Wells Fargo, Wells Fargo Bank, Fidelity Investments, Waddell & Reed Financial, Waddell & Reed, GPG, IPS, ProPay, Base Commerce, Vantage Payments, Doe Banks, Doe Payment Processors, Paralegal Doe and Others have knowingly made or accepted transfers of funds owed to Plaintiffs.

577.  Such transfers were made or accepted with intent to hinder, delay, and/or defraud Plaintiffs.

578.  More particularly, such transfers were made in an attempt to dissipate, convert and conceal funds that are lawfully due to Plaintiffs.

579.  As a result of such fraudulent transfers, Plaintiffs have suffered, or will imminently suffer, damages and losses.

## EIGHTEENTH CLAIM FOR RELIEF

### (DEEPENING INSOLVENCY AGAINST DEFENDANTS TELEXELECTRIC, TELEX MOBILE, MERRILL, WANZELER, LABRIOLA, CRAFT, CRAFT FINANCIAL, COSTA, BANK OF AMERICA, BANK OF AMERICA, N.A., TD BANK, CITIZENS FINANCIAL, CITIZENS BANK, FIDELITY BANK, MIDDLESEX SAVINGS, WELLS FARGO, WELLS FARGO BANK, FIDELITY INVESTMENTS, WADDELL & REED FINANCIAL, WADDELL & REED, GPG, IPS, PROPAY, BASE COMMERCE,

**VANTAGE PAYMENTS, DOE BANKS, DOE PAYMENT PROCESSORS, PARALEGAL DOE AND OTHERS)**

580.     Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

581.     Plaintiffs, at all times material herein, were and are creditors of Defendant, TelexFree.

582.     Defendants TelexElectric, Telex Mobile, Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Bank of America, Bank of America, N.A., TD Bank, Citizens Financial, Citizens Bank, Fidelity Bank, Middlesex Savings, Wells Fargo, Wells Fargo Bank, Fidelity Investments, Waddell & Reed Financial, Waddell & Reed, GPG, IPS, ProPay, Base Commerce, Vantage Payments, Doe Banks, Doe Payment Processors, Paralegal Doe and Others have knowingly made or accepted transfers of funds owed to Plaintiffs, which transfers deepened TelexFree's insolvency.

583.     Such transfers were made in an attempt to dissipate, convert and conceal funds that are lawfully due to Plaintiffs.

584.     Such transfers have greatly decreased the probable extent of recovery by Plaintiff creditors.

**585.**     As a result of such fraudulent transfers, Plaintiffs have suffered, or will imminently suffer, damages and losses.

### NINETEENTH CLAIM FOR RELIEF

**(CIVIL CONSPIRACY AGAINST DEFENDANTS TELEXELECTRIC, TELEX MOBILE, MERRILL, WANZELER, LABRIOLA, CRAFT, CRAFT FINANCIAL, COSTA, RODRIGUES, WWW GLOBAL BUSINESS, INC., DE LA ROSA, CROSBY, SLOAN, NEHRA, WAAK, LAW OFFICES OF NEHRA AND WAAK, GERALD P. NEHRA, ATTORNEY AT LAW, PLLC AND RICHARD W. WAAK, ATTORNEY AT LAW, PLLC, DOE INSIDER PROMOTERS, AND OTHERS)**

586.     Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

587.    Defendants TelexElectric, Telex Mobile, Merrill, Wanzeler, Labriola, Craft, Craft

Financial, Costa, Rodrigues, WWW Global Business, De La Rosa, Crosby, Sloan,  Nehra, Waak,

Law Offices of Nehra And Waak, Gerald P. Nehra, Attorney at Law, PLLC, Richard W. Waak,

Attorney at Law, PLLC, Doe Insider Promoters, and Others have combined to enter into a civil

conspiracy, for an unlawful purpose and using unlawful means, with the intent of so combining

to unlawfully defraud Plaintiffs out of funds.

588.    In consequence of the foregoing, Plaintiffs sustained damages and losses.

## TWENTIETH CLAIM FOR RELIEF

### (CONVERSION AGAINST DEFENDANTS TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; MERRILL, WANZELER, LABRIOLA, CRAFT, CRAFT FINANCIAL, COSTA, RODRIGUES, WWW GLOBAL BUSINESS, DE LA ROSA, CROSBY, SLOAN, DOE INSIDER PROMOTERS, AND OTHERS)

589.    Plaintiffs incorporate by reference all allegations set forth in all previous

paragraphs, as if the same were specifically set forth herein.

590.    Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.;

Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Rodrigues, WWW Global Business,

De La Rosa, Crosby, Sloan, Doe Insider Promoters, and Others have unlawfully converted

Plaintiffs' funds, by obtaining the same through knowing misrepresentations made to Plaintiffs

and the public.

591.    Said Defendants continue to retain funds unlawfully converted from Plaintiffs.

592.    In consequence of the foregoing, Plaintiffs sustained damages and losses.

## TWENTY-FIRST CLAIM FOR RELIEF

### (FOR VIOLATIONS OF MASSACHUSETTS GENERAL LAWS, CHAPTER 93A, SECTION 2 AGAINST DEFENDANTS TELEXELECTRIC, TELEX MOBILE, MERRILL, WANZELER, LABRIOLA, CRAFT, CRAFT FINANCIAL, COSTA, RODRIGUES, WWW GLOBAL BUSINESS, INC., DE LA ROSA, CROSBY, SLOAN, NEHRA, WAAK, LAW OFFICES OF NEHRA AND WAAK, GERALD P. NEHRA, ATTORNEY AT LAW, PLLC, RICHARD W. WAAK, ATTORNEY AT LAW, PLLC, BANK OF AMERICA, BANK OF AMERICA, N.A., TD BANK, CITIZENS FINANCIAL, CITIZENS BANK, FIDELITY BANK, MIDDLESEX SAVINGS, WELLS FARGO, WELLS FARGO BANK, FIDELITY INVESTMENTS, WADDELL & REED FINANCIAL, WADDELL & REED, GPG, IPS, PROPAY, BASE COMMERCE, VANTAGE PAYMENTS, AND THE DOE DEFENDANTS)

593.    Plaintiffs incorporate by reference all allegations set forth in all previous

paragraphs, as if the same were specifically set forth herein.

594. At all times material herein, Defendants, TelexElectric, Telex Mobile, Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Rodrigues, WWW Global Business, De La Rosa, Crosby, Sloan, Nehra, Waak, Law Offices of Nehra and Waak, Gerald P. Nehra, Attorney at Law, PLLC, Richard W. Waak, Attorney at Law, PLLC, Bank of America, Bank Of America, N.A., TD Bank, Citizens Financial, Citizens Bank, Fidelity Bank, Middlesex Savings, Wells Fargo, Wells Fargo Bank, Fidelity Investments, Waddell & Reed Financial, Waddell & Reed, GPG, IPS, ProPay, Base Commerce, Vantage Payments, and the Doe Defendants were engaged in Trade and Commerce as defined by Massachusetts General Laws Chapter 93A, Section 1.

595. At all times material herein, Plaintiffs were engaged in Trade and Commerce as defined by Massachusetts General Laws Chapter 93A, Section 1.

596. The foregoing transactions, actions and inactions of the said Defendants constitute unfair and deceptive acts and practices as defined by, and in violation of, Massachusetts General Laws, Chapter 93A § 11.

597. In consequence of the said Defendants' unfair and deceptive acts and practices, Plaintiffs have suffered great financial losses, and have also incurred considerable expenses and loss of income, and have otherwise been greatly damaged.

**TWENTY-SECOND CLAIM FOR RELIEF**

**(FOR VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, UNITED STATES CODE, TITLE 18, SECTION 1962 AGAINST DEFENDANTS TELEXELECTRIC, TELEX MOBILE, MERRILL, WANZELER, LABRIOLA, CRAFT, CRAFT FINANCIAL, COSTA, RODRIGUES, WWW GLOBAL BUSINESS, INC., DE LA ROSA, CROSBY, SLOAN, NEHRA, WAAK, LAW OFFICES OF NEHRA AND WAAK, GERALD P. NEHRA, ATTORNEY AT LAW, PLLC, RICHARD W. WAAK, ATTORNEY AT LAW, PLLC, BANK OF AMERICA, BANK OF AMERICA, N.A., TD BANK, CITIZENS FINANCIAL, CITIZENS BANK, FIDELITY BANK, MIDDLESEX SAVINGS, WELLS FARGO, WELLS FARGO BANK, FIDELITY INVESTMENTS, WADDELL & REED FINANCIAL, WADDELL & REED, GPG, IPS, PROPAY, BASE COMMERCE, VANTAGE PAYMENTS, AND THE DOE DEFENDANTS)**

598. Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

599.    At all times material herein, Defendants, TelexElectric, Telex Mobile, Merrill, Wanzeler, Labriola, Craft, Craft Financial, Costa, Rodrigues, WWW Global Business, De La Rosa, Crosby, Sloan, Nehra, Waak, Law Offices of Nehra and Waak, Gerald P. Nehra, Attorney at Law, PLLC, Richard W. Waak, Attorney at Law, PLLC, Bank of America, Bank Of America, N.A., TD Bank, Citizens Financial, Citizens Bank, Fidelity Bank, Middlesex Savings, Wells Fargo, Wells Fargo Bank, Fidelity Investments, Waddell & Reed Financial, Waddell & Reed, GPG, IPS, ProPay, Base Commerce, Vantage Payments, and the Doe Defendants were associated in an enterprise as defined by 18 U.S.C. 1961(4).

600.    Such enterprise was engaged in unlawful and illegal activities, including, *inter alia*, securities fraud and financial fraud, as set forth more fully throughout this Complaint, and which made use of the means and instrumentalities of interstate commerce and which crossed jurisdictional lines.

601.    Throughout their involvement with such enterprise, the said Defendants engaged in a pattern of securities fraud, financial fraud, and other illegal and wrongful behavior, comprising numerous instances of such illegal and wrongful behavior.

602.    Such illegal and wrongful behavior constitutes "racketeering activity" as defined by 18 U.S.C. 1961(1).

603.    The said Defendants were aware of the illegal and fraudulent nature of the enterprise.

604.    The said Defendants each actively participated in the enterprise and its pattern of racketeering activity.

605.    The said Defendants each received income, directly or indirectly, as a result of the enterprise and its pattern of racketeering activity.

606.    The said Defendants did further conspire to engage in such pattern of racketeering activity.

607.    In consequence of the said Defendants' unlawful enterprise and pattern of racketeering activity Plaintiffs have suffered great financial losses, and have also incurred

considerable expenses and loss of income, and have otherwise been greatly damaged.

## TWENTY-THIRD CLAIM FOR RELIEF

## (FOR VIOLATIONS OF THE LANHAM ACT, UNITED STATES CODE, TITLE 15, SECTION 1125 AGAINST DEFENDANTS TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; MERRILL, WANZELER, LABRIOLA, CRAFT, CRAFT FINANCIAL, RODRIGUES, WWW GLOBAL BUSINESS, INC., DE LA ROSA, CROSBY, SLOAN, COSTA, WAAK, NEHRA, LAW OFFICES OF NEHRA AND WAAK, GERALD P. NEHRA, ATTORNEY AT LAW, PLLC, RICHARD W. WAAK, ATTORNEY AT LAW, PLLC, AND DOE INSIDER PROMOTERS)

608.    Plaintiffs incorporate by reference all allegations set forth in all previous paragraphs, as if the same were specifically set forth herein.

609.    As set forth more particularly throughout this Complaint, and in direct violation of the Lanham Act, 15 U.S.C. § 1125, the Defendants TELEXELECTRIC, LLLP; TELEX MOBILE, HOLDINGS, INC.; Merrill, Wanzeler, Labriola, Craft, Craft Financial, Rodrigues, WWW Global Business, De La Rosa, Crosby, Sloan, Costa, Waak, Nehra, Law Offices of Nehra And Waak, Gerald P. Nehra, Attorney at Law, PLLC, Richard W. Waak, Attorney at Law, PLLC, and Doe Insider Promoters have used false or misleading descriptions of material fact, and false and/or misleading representation of material fact, in promoting and selling TelexFree's AdCentral investment packages and VoIP products.

610.    In so doing, said Defendants made use of the means and instrumentalities of interstate commerce and crossed jurisdictional lines.

611.    Said Defendants have also used false and/or misleading descriptions of material fact, and false or misleading representations of material fact, in characterizing the nature of TelexFree's business operations, returns on investment, and the legality of the investments.

612.    Said Defendants' false and/or misleading descriptions of material fact, and false or misleading representations of material fact, did actually deceive, or have the tendency to deceive, both Plaintiffs and the public.

613.    As direct and proximate result of the false and misleading advertisements disseminated by said Defendants, Investors paid artificially inflated prices for worthless membership interests in the investment during the Class Period.

## CONCLUSION

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray for judgment as follows:

1. Declaring this action to be a Class Action properly maintained pursuant to the Federal Rules of Civil Procedure and certifying Plaintiffs as the class representatives;

2. Awarding Plaintiffs and Class members rescission and/or compensatory damages against Defendants for all damages sustained as a result of their wrongdoing, in an amount to be proven at trial, including interest;

3. For an award of actual damages, compensatory damages, statutory damages, and statutory penalties, in an amount to be determined;

4. For an award of punitive damages;

5. For an award of costs of suit and attorneys' fees, as allowable by law;

6. For an award of interest;

7. For the appointment of a receiver selected by Class Counsel and an accounting; and

8. For an award to Plaintiffs and the Class such other and further relief as may be just and proper under the circumstances including equitable relief.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial of their claims to the extent authorized by law. However, the Plaintiffs do not consent to trial by jury in the United States Bankruptcy Court.

Respectfully submitted,

This 2nd day of June, 2014

THE CRESCENT LAW PRACTICE

Ihuoma Igboanugo, Esq.
North Carolina Bar No. 46618
P.O Box 41333
Raleigh, NC 27629

- 63 -